ANTONY PUMO ET AL. v. THE MAYOR AND COUNCIL OF FORT LEE ET AL.

Decided July 26, 1926.

Zoning—Large Apartment-House in Restricted Territory—Six Reasons Submitted, Four of Which Were Unsupported by Evidence—One was the Conflict With Zoning Ordinance, Another was the Pendency of a Chancery Suit to Restrain Building Because of Neighborhood Restrictions—Held, Case Within Adjudicated Cases on Zoning, and That the Chancery Suit Cannot Affect the Duty of Building Department to Give Permit.

On *mandamus.*

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the relators, *Leon Abbett.*

For the defendants, *Mackay & Mackay.*

PER CURIAM.

The relators applied to the building inspector of the borough of Fort Lee for a permit to erect a five-story apartment-house upon their plot of land located in what is called the palisades section of the borough, with accommodations for sixty families, at the proximate cost of $190,000.

The permit was refused; the sole ground of refusal, so far as the record shows, being that the zoning ordinance of the borough prohibited the erection of buildings of this size and character in that part of the borough where the relator's lot was located. An alternative writ was allowed, and the defendants assigned, in their return thereto, the following reasons as justifying the refusal to grant the permit:

1. That the fire department of Fort Lee is not large enough to give proper fire protection to a building of this size and character.

2. That the sewer in the neighborhood is not large enough to take care of the sewage from such a building.

3. That the school facilities are not sufficient to care for any great number of additional families.

4. That the building would bring an undesirable class of residents into the borough.

5. That the building is prohibited by the zoning ordinance of the borough, and

6. That there is a suit pending in the Court of Chancery in which the complainants, who owned property in the neighborhood, are attempting to enjoin the erection of this building by the relators because it violates certain neighborhood restrictions.

No one of these reasons, except the fifth and sixth, is supported by any evidence exhibited in the agreed state of facts; they may, therefore, be dismissed from consideration. As to number 5, it is enough to point out in disposing of it that the earlier decisions, both of the Court of Errors and Appeals and the Supreme Court, have condemned it as a justification for refusing to issue a building permit.

As to number 6, the pendency of the Chancery suit affords no ground for the municipal action. Whether the erection of this building would be a violation of neighborhood restrictions is a matter of no concern to the municipality. The only parties interested in their existence or enforcement except the relators, so far as the present case discloses, are the complainants in the Chancery suit, who are seeking to enforce the alleged restrictions. They may do this if they are valid, or may waive their benefit if they see fit to do so. The granting of a permit by the municipality cannot operate to deprive them of their right to enforce the restrictions, if such right exists; and the erection of the building in violation of the restrictions, even although a municipal permit should be granted, would be at the risk of the owner, and it would be subject to removal by him if the question of the existence of the restrictions should be finally adjudicated against him in the Chancery proceeding.

For the reasons indicated we conclude that a peremptory writ should issue, and it will be so ordered.