HÉCTOR A. DELIZ, OFICIAL DE PERMISOS, peticionario, *v.* JUNTA DE APELACIONES SOBRE CONSTRUCCIONES y RAMÓN CRUZ FONTÁNEZ, querellados.

Núm. 1. *Sometido:* Noviembre 7, 1949. *Resuelto:* Marzo 31, 1950.

*José L. Purcell* y *Manuel Janer Mendía,* abogados del peticionario; *Ciro Malatrasi, Jr.,* abogado de la Junta querellada; *Rafael Arjona Siaca,* abogado del querellado *Cruz Fontánez; Rafael R. Fuertes, Félix Bello* y *A. Sandín del Manzano,* abogados de la Junta de Planificación, ésta como *amicus curiae.*

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El Oficial de Permisos se negó a permitir la continuación de cierto edificio que Ramón Fontánez había comenzado sin previa autorización. Fontánez recurrió para ante la Junta de Apelaciones sobre Construcciones, la cual, en una decisión

fundamentada, revocó la del Oficial de Permisos y autorizó la continuación de la obra, sujeta a ciertas condiciones. El Oficial de Permisos, invocando el artículo 26 de la Ley núm. 429 de 1946 (pág. 1219) solicitó de este Tribunal la revisión de la decisión de la Junta. Tanto ésta, como Fontánez, piden la desestimación del recurso alegando que el Oficial de Permisos carece de capacidad legal para interponerlo. El precepto legal invocado, en lo pertinente, dice:

"Cualquier parte directamente interesada en la expedición o denegación de un permiso de construcción, sanitario, o de usos de edificios o terrenos, contra la cual una petición de reconsideración haya sido solicitada dentro de un término de quince (15) días a la Junta de Apelaciones Sobre Construcciones y ésta haya rendido su resolución, podrá presentar copias certificadas de cualesquier tales resoluciones o acciones, dentro del término de quince (15) días a partir de la fecha de la notificación de tal resolución o acuerdo de la Junta de Apelaciones Sobre Construcciones, para su revisión ante la Corte Suprema de Puerto Rico; *Disponiéndose,* que dicha revisión ante la Corte Suprema, la que tiene jurisdicción exclusiva para revisar tales actuaciones o decisiones, podrá concederse y se limitará exclusivamente a cuestiones de derecho."

La cuestión a determinar es si el Oficial de Permisos es "una parte directamente interesada", de conformidad con el citado artículo 26. A ese efecto, precisa fijar cuáles son las funciones del Oficial de Permisos y cuáles las de la Junta. Con arreglo al artículo 3 de la referida Ley, las funciones del Oficial de Permisos son: ". . . aplicar y velar por el cumplimiento de toda ley y reglamentación que regule la construcción de edificios en Puerto Rico, . . .". Por otro lado, refiriéndose a los deberes y funciones de la Junta, prescribe el artículo 26 de la misma Ley:

"La Junta de Apelaciones Sobre Construcciones podrá decretar cualquier orden, requerimiento, resolución o determinación que a su juicio deba dictarse (1) por motivo de perjuicios ocasionados por circunstancias especiales, (2) por denegaciones viciosas para emitir los permisos necesarios, o (3) por cuales-

quier otras razones autorizadas en los reglamentos de la Junta de Planificación, Urbanización y Zonificación de Puerto Rico adoptados a virtud de esta Ley; *y a tal fin, la Junta de Apelaciones Sobre Construcciones tendrá los mismos poderes del funcionario u organismo de cuya sentencia se apela.*" (Bastardillas nuestras.)

Explicando las funciones del Oficial de Permisos y las de la Junta, en su Informe dirigido a la Junta de Planificación, Urbanización y Zonificación de Puerto Rico, William H. Ludlow, a la página 35 de dicho Informe, se expresa así:

"En lo que concierne a la zonificación, el Oficial de Permisos es el encargado de poner en vigor estrictamente las disposiciones del Reglamento de Zonificación, según deben aplicarse a un edificio o a una parcela de terreno. El Oficial de Permisos, por lo tanto, no está autorizado a usar su discreción en cuanto a si es o no razonable alguna de las disposiciones del Reglamento, según se apliquen a una propiedad en particular; ni podrá modificar, en forma alguna, o por razón alguna, la aplicación estricta del Reglamento de Zonificación.

"Sin embargo, se reconoce—y la experiencia en los Estados Unidos lo ha demostrado—que en ciertos casos, debido a tales factores como la pequeñez, la forma poco usual, o la topografía especial de un solar, o debido a cualquier otra causa peculiar relacionada con la ubicación del mismo, sería irrazonable tratar de aplicar estrictamente el Reglamento de Zonificación, y habrá desde luego que permitir ciertas modificaciones pertinentes. Cualquier decisión del Oficial de Permisos, por consiguiente, podrá apelarse ante la Junta de Apelaciones Sobre Construcciones para que este organismo interprete cualquier disposición del Reglamento o su aplicación a determinado predio de terreno.

"La Junta de Apelaciones tiene el deber de ejercer su mejor discreción al aplicar el Reglamento de Zonificación en aquellos casos específicos que le sean sometidos en apelación contra el fallo emitido por el Oficial de Permisos. La Junta de Apelaciones Sobre Construcciones tiene poderes solamente para efectuar modificaciones ajustándose a los propósitos generales y al espíritu del Reglamento de Zonificación, y las disposiciones que para su guía y orientación están incluídas en dicho Reglamento.

"Al redactarse el Reglamento de Zonificación se reconoció que cada solar al cual se aplique el reglamento, en cierto modo pre-

senta un caso diferente, aun cuando esta diferencia sea insignificante al compararla con la de otro solar. El Reglamento se redactó en tal forma que sus disposiciones pueden aplicarse razonablemente a una gran mayoría de solares en cualquier distrito. La función de la Junta de Apelaciones Sobre Construcciones está relacionada con aquellos pocos solares que pudiera haber en un distrito para los cuales no pueda aplicarse, en forma justa y razonable, el Reglamento de Zonificación. Pero, dicha Junta, al conceder esas modificaciones o variaciones hará todo lo posible porque el solar en cuestión se desarrolle en armonía con la vecindad donde esté ubicado, y de acuerdo con las intenciones que persigue el Reglamento de Zonificación para tal distrito. Sin embargo, la Junta de Apelaciones Sobre Construcciones no permitirá cambios que impliquen una alteración clara de los límites fijados por la Zonificación a un distrito determinado. El poder para modificar el Mapa de Zonificación descansa exclusivamente en la Junta de Planificación, Urbanización y Zonificación de Puerto Rico."

Con arreglo al artículo 3 que en lo pertinente hemos transcrito y en conformidad con lo dicho por Ludlow, las funciones del Oficial de Permisos son puramente ministeriales, enderezadas a velar porque los solicitantes den cumplimiento a toda ley y reglamentación relacionadas con la construcción de edificios en Puerto Rico. De manera, pues, que si lo solicitado no se ajusta estrictamente a la ley, su única función es denegar el permiso. En cambio, es a la Junta a quien la ley concede amplia discreción para variar las disposiciones del Reglamento de Zonificación en casos en que por circunstancias especiales, dicho Reglamento no pueda aplicarse en forma justa y razonable. Y el propio artículo 26 dispone, como hemos visto, que una vez recurrida para ante la Junta la decisión del Oficial de Permisos, aquélla adquiere los mismos poderes del Oficial de Permisos. En otras palabras, una vez apelado el caso desaparece de la escena el Oficial de Permisos para dar paso a la Junta. En tales circunstancias, somos de opinión que las únicas partes interesadas en el recurso ante este Tribunal son aquéllas que se consideran directamente perjudicadas por la decisión de la Junta de Ape-

laciones sobre Construcciones, y no siendo el Oficial de Permisos una parte directamente perjudicada por la decisión de la Junta, carece de capacidad legal para establecer el recurso. *Procede la desestimación del recurso.*