ABRAMS *v.* SHUGER.

1. COVENANTS—RESIDENCE RESTRICTIONS—ZONING ORDINANCE.
   A village zoning ordinance may not override restrictions limit-
   ing use of lots to residence purposes and imposed by covenants
   in deeds.

2. SAME—RESIDENCE RESTRICTION—CONSTRUCTION—CHURCH.
   Clause of restrictive covenant in deed prohibiting building on
   lots in subdivision other than a dwelling house, private garage
   or such other buildings as necessary for use of the realty for
   dwelling purposes followed by clause "nor * * * be used * * *
   for manufacturing or mercantile purposes, or as a machine
   shop, public garage, bakery, laundry, or any other similar pur-
   poses" is not construed as limiting proscribed uses to those
   specifically enumerated, in view of other clauses repeating use
   of term "residence" but not amplifying it to suggest or state
   that a church use would be permitted.

3. SAME—RESIDENCE RESTRICTION—CHURCHES.
   A covenant for residential use is violated by the erection of a
   church.

4. RELIGIOUS SOCIETIES—REAL PROPERTY—CHURCHES.
   A church, as the owner of real estate, stands equally before the
   law with all others who invoke its protection.

5. COVENANTS—CONSTRUCTION OF RESIDENCE RESTRICTION—DEVELOP-
   MENT—CHURCHES.
   The clause "such other building or buildings as may be necessary
   for the use and enjoyment of said real estate for dwelling pur-
   poses" contained in restriction applicable to lots in subdivision
   owned by plaintiffs and defendants and which has been ob-
   served in the development of the subdivision is not sufficiently
   broad to permit the erection of a temple for worship purposes.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Covenants, Conditions, and Restrictions §§ 299, 338.
[2–5] 14 Am Jur, Covenants, Conditions, and Restrictions § 225.
[2–5] Church as violation of covenant restricting use of property.
   13 ALR2d 1239.

Appeal from Berrien; Westin (Edward A.), J. Submitted October 15, 1952. (Docket No. 97, Calendar No. 45,645.)    Decided March 10, 1953.

Bill by Irving S. Abrams and others against Louis Shuger, individually and as President of Temple Sholom, and others to restrain construction of temple for religious worship. Decree for plaintiffs. Defendants appeal. Affirmed.

*Theron D. Childs, Jr.*, for plaintiffs.

*Robinson, Robinson & Robinson*, for defendants.

Reid, J. Plaintiffs filed their bill of complaint to enjoin defendants from constructing a temple for religious worship on property subject to restrictions forbidding buildings erected on the premises to be used for other than residential purposes. The case was submitted on pleadings and a written stipulation of facts. From a decree for plaintiffs, defendants appeal.

Plaintiffs and defendants are (severally and individually) owners of lots in Michiana Shores subdivisions, in New Buffalo township, Berrien county, and all of the lots owned by them are subject to the following restrictions:

"(a) No building other than a dwelling house, private garage or such other building or buildings as may be necessary for the use and enjoyment of said real estate for dwelling purposes, shall be erected on any part of the property hereby conveyed; *nor shall said property be used or occupied by any building erected for manufacturing or mercantile purposes, or as a machine shop, public garage, bakery, laundry, or any other similar purposes.*

"(b) One *residence* only shall be erected on each lot with the exception of lots facing on 2 streets,

upon which, the written consent of the board of directors of Michiana Shore Estates, Inc., having been first had and obtained, 1 residence may be built facing each street.

"(c) No part of any *residence* or garage shall be nearer than 5 feet to the side lines of any lot, nor nearer than 15 feet to the front line of any lot.

"(d) The plans and specifications of any *residence* erected on the above described property, must be approved by the board of directors of Michiana Shore Estates, Inc." (Italics supplied.)

Other and following restrictions are not involved in the controversy in the instant case, but are also contained in the deeds which are in the chain of title of the several lots owned by all of the parties hereto.

During the existence of the restrictions, there has been a development of said subdivisions for residential purposes in accordance with the provisions of subdivision (a) above quoted. Defendants admit that they intend to erect a temple for divine worship on 2 of the lots covered by the cited restrictions and that the erection thereof would have started on Monday, July 2, 1951, but for the temporary injunction issued on the prayer of plaintiffs, June 30, 1951. Defendants obtained from the village clerk of the village of Michiana a building permit, March 14, 1951, to erect the church on the lots in question.

Since the restrictions came into effect, the subdivisions, except a small portion thereof, were included in and became a part of the village of Michiana, which was incorporated in 1945 or 1946. The village ordinance adopted July 3, 1946, would permit the use of property in the district in question for single-family dwellings, churches, schools, libraries and community buildings, a private garage for each residence and certain professional offices.

Defendants concede that the ordinance does not override the restrictions in question and expressly cite *Phillips* v. *Lawler,* 259 Mich 567, in which case we say (syllabus 5):

"Restrictions imposed by city zoning ordinance may not be considered as impairing building restrictions imposed by deed."

Defendants stress the second part of paragraph (a) (which we have heretofore italicized) reading:

"Nor shall said property be used or occupied by any building erected for manufacturing or mercantile purposes, or as a machine shop, public garage, bakery, laundry, or any other similar purposes."

The trial judge treated the second clause as surplusage. Defendants contend it should not be so treated nor considered; defendants further contend that the second clause limits the restrictions in the preceding portion of paragraph (a) to those uses recited expressly in the second clause, and seeing that the use for church purposes is not forbidden by the second clause, the church use is to be considered as permitted under the restrictions taken as a whole.

It seems fairly clear that the author of the restrictions intended by the second clause to make a double assurance that certain foreseeable uses, improper or undesirable for a residential neighborhood, were certainly to be understood as forbidden, and being unable to foretell or to make a list of all the undesirable uses, simply left the first portion of paragraph (a) to stand as a general expression of his purpose, to provide for an exclusively residential subdivision.

The word "nor" as used by the restrictions in question indicates the continuation of the force of the negative in the first part to apply equally to the second part. See Webster's New International

Dictionary (2d ed). In the instant case the clause introduced by "nor" adds clarity and emphasis to certain uses forbidden in the first part of (a).

We must not overlook the fact that in the 3 paragraphs immediately following (a), the author of the restrictions repeats his reference to "residence" as the permitted use, and includes with the word residence in each of those 3 paragraphs, (b), (c) and (d), no amplification or qualification of the word residence, that would in anywise suggest or state that a church use would be permitted.

Reading the 4 paragraphs together, (a), (b), (c) and (d), we can see no real difficulty in arriving at the conclusion that the author of the restrictions intended to limit the lots in question to a residential use.

We quote from 26 CJS, p 526:

"A covenant for residential use is violated by the erection of a church. Ga.—*Renfroe* v. *Alden*, 164 Ga 77 (137 SE 831). Mo.—*Rombauer* v. *Compton Heights Christian Church*, 328 Mo 1 (40 SW2d 545). Ohio.—*Cleveland Baptist Ass'n* v. *Scovil*, 107 Ohio St 67 (140 NE 647)."

Michigan is already in accord with the 3 states from which these citations are taken. See *Smith* v. *First United Presbyterian Church*, 333 Mich 1, in which we say, page 12:

"We are mindful of the highly favored place a church should have in the community. As an owner of real estate, however, the church stands equally before the law with all others who invoke its protection. Plaintiffs herein are entitled to the protection of the residential restriction for which they bargained when they built their homes. We, therefore, find no equities which dictate that the restriction should not be enforced in this instance."

Defendants state their final position, in the conclusion of their brief, as follows:

"Defendants propose to construct a 'building' in compliance with the provisions of the restriction relating to 'building' necessary for the enjoyment of the property for dwelling purposes. The right of defendants to do so is in accordance with the language of the restriction, the surrounding circumstances and the applicable law; and such right should not be enjoined."

Defendants claim that the language in the first part of "a", "such other building or buildings as may be necessary for the use and enjoyment of said real estate for dwelling purposes," is broad enough to include a church as necessary for the use and enjoyment of real estate for dwelling purposes. Such claim falls before the reasoning and decision in the cited cases from Georgia, Missouri and Ohio, and as well of the *Smith Case, supra,* of Michigan. Under the restrictions in question, residential purposes exclude a church use.

The decree appealed from made permanent the injunction against the erection of the proposed temple for worship purposes. That decree is affirmed. Costs to plaintiffs.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.