TOMÁS PÉREZ ESPINOSA ET AL., Plaintiffs and Appellees, *v.* ADOLFO S. PAGÁN and IGLESIA DE LOS PEREGRINOS, INC., Defendants and Appellant the latter.

No. 11364.   Argued April 3, 1956.—Decided April 30, 1956.

*Guillermo S. Pierluisi* for appellant. *Germán Rieckehoff* for appellees. *F. González Oliver* counsel for the Planning Board, as *amicus curiæ*.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Plaintiffs are the owners of certain lots in Joaquín Emanuelli St. of the Urbanization Dávila y Llenza in Hato Rey. In the petition for injunction which they filed against Adolfo S. Pagán and the Iglesia de los Peregrinos, Inc., they alleged in brief that they are the owners of lots 5, 3, 7, 10 and 34 of that development; that defendant Adolfo S. Pagán is the owner of lot No. 37 located in that street; that Pagán's lot

is encumbered and subject to restrictive covenants, among others, that all the buildings built in said development shall be of reinforced concrete, block or any similar material, for residential purposes exclusively,. and that no building at a cost of less than $5,000 will be built on each lot; [1] that all those restrictive covenants encumber the ownership of defendant Pagán [2] and the other residential lots in the development, and constitute a general plan of improvement for the benefit of all the persons who own lots there, that the date on which Pagán acquired ownership appears in the Registry of Property of San Juan and that those restrictive covenants are contained in the contract by virtue of which the codefendant acquired the lot in question; that in violation of the aforesaid restrictions Pagán has leased that lot to the codefendant Iglesia de los Peregrinos, Inc., for the construction of a frame building to be used as a religious temple; that the codefendant has begun the erection of that structure in lot No. 37; and that the defendants have caused plaintiffs serious damages which cannot be determined, and irreparable losses with their obstinate attitude with regard to the plaintiffs.

The codefendant Iglesia de los Peregrinos, Inc., answered the complaint admitting some facts and denying the essential averments. As special defenses it alleged that it obtained the corresponding permit and authorization from the Permit Official of the Planning Board of the Commonwealth of Puerto Rico to carry out its project; that plaintiffs had knowledge thereof because they intervened at the hearing

---

[1] The first of the restrictive covenants imposed on the lots located in the development reads as follows:

"All buildings erected on said development shall be of reinforced concrete, block or any similar material and for residential purposes exclusively, with the exception of the lots appearing in the registration plan under the numbers one, thirty-three, fifty-four, fifty-five, fifty-six, fifty-nine and sixty, and no building at a cost of less than FIVE THOUSAND DOLLARS shall be erected on each lot."

[2] Such restrictions constitute real rights and are recordable in the Registry of Property. *Baldrich* v. *Registrar*, 77 P.R.R. 700.

in which the permit granted by the Board was finally confirmed; that codefendant has begun its work and incurred expenses with the plaintiffs' knowledge; that the nature of the projected work is not commercial but for religious purposes.[3]

The issue thus joined, the case was heard on the merits. The trial court rendered judgment, supported by findings of fact and conclusions of law, sustaining the complaint and ordering the defendants to abstain permanently, personally, and through agents, etc., from devoting, using or availing themselves of lot No. 37 of the aforesaid development for purposes other than those legally permitted by the aforementioned restrictions. It likewise ordered the codefendant to suspend immediately the construction of the frame house and imposed the costs on both defendants including the sum of $200 for attorney's fees.

The codefendant Iglesia de los Peregrinos, Inc., appealed to this Court and assigns in its brief the errors which we now turn to discuss.

██ In the first place it contends that in granting it permission to build the frame house, the Planning Board of Puerto Rico abolished the private restrictive covenants which barred the construction of the frame house and hence the trial court erred in granting the injunction. Appellant is not correct. There is nothing in the Planning Act, 23 L.P.R.A. §§ 1–54, nor in the Regulations approved by the Board by virtue of that Act, indicating that the mere issuance of a building permit has the effect and scope of invalidating private restrictive covenants which are inconsistent with the permit granted.[4] The issuance of a building

---

[3] The codefendant Pagán did not answer nor appear at the hearing held.

[4] We need not discuss in the instant case whether the Planning Act grants power to the Board to invalidate said restrictions or whether a measure to that effect would be constitutional without providing funds for the payment of just compensation to the persons entitled to demand compliance with the restrictions. See 48 Mich. L. Rev. 103; *Alfortish* v. *Wagner*, 7 So. 2d 708; 26 C.J.S. § 171 *c*, pp. 574, 577.

permit is a mere ministerial duty where the application strictly complies with existing laws and regulations concerning buildings. Yokley, *Zoning Law and Practice*, Vol. 1, 2d ed., § 99, p. 234. *Cf. Deliz* v. *Board of Building Appeals*, 71 P.R.R. 128, 131. The situation is analogous to that arising when a zoning regulation permits in a district a use which is prohibited by restrictive covenants. The case law is abundant to the effect that in such cases the restrictions prevail. *Abrams* v. *Shuger*, 57 N. W. 2d 445, 446; *Wolff* v. *Fallon*, 269 P. 2d 630, 634; *City of Richlawn* v. *McMakin*, 230 S. W. 2d 902, 906; *Martin* v. *Weinberg*, 109 A. 2d 576, 579; *Vorenberg* v. *Bunnell*, 153 N. E. 884.

■ Appellant likewise contends that the plaintiffs lost their right to oppose the construction of the building in question by virtue of the private restrictive covenants, for although they did raise the question before the Planning Board they did not appeal to this Court from the decision of the Board affirming the action of the Permit Official.[5] Again it is mistaken. Under the present Planning Act and the Regulations approved under the same, the Board is not the appropriate tribunal to determine the rights arising from restrictive covenants. See footnote 4. It cannot be said, therefore, that the plaintiffs waived their right to demand compliance wih the restrictions imposed on the lots in question because they failed to appeal from the Board's decision. Inasmuch as under the law and the Regulations in force the Board has no authority whatsoever concerning restrictions of this nature, their existence cannot serve as legal basis for refusal of a building permit. See Yokley, *Zoning Law and Practice*, § 100, *supra;* *Green* v. *Jones*, 135 Atl. 802, and *Pumo* v. *Mayor and Council of Fort Lee*, 134 Atl. 122.

■ Appellant finally insists that the plaintiffs did not prove irreparable damages and that, consequently, injunction does not lie. On several occasions we have decided the ques-

---

[5] See § 26 of Act No. 213 of May 12, 1942 (p. 1106), as amended by Act No. 434 of May 14, 1951 (pp. 1226, 1242); 23 L.P.R.A., § 28.

tion raised herein adversely to the petitioner. In *Santaella v. Purón*, 60 P.R.R. 539, which dealt also with restrictions, we stated at p. 546, citing the case of *Joyce v. Krupp*, 257 Pac. 124, that "Where equitable relief is sought, proof of actual or substantial injury is not essential, the establishment of a violation of a uniform building restriction being all that is necessary to entitle a complaining owner to relief." We now reaffirm our view. See also *Macatee v. Biascoechea*, 37 P.R.R. 1; *Strauss v. Ginzberg*, 15 N. W. 2d 130; *Evangelical Lutheran Church of the Ascension of Snyder v. Sahlem*, 172 N. E. 455. The fact that the intention is to use the frame house under construction for religious purposes in no way alters the situation. *Abrams v. Shuger, supra.*

The judgment appealed from will be affirmed.

Mr. Justice Pérez Pimentel did not participate herein.

Mr. Justice Belaval dissented.