Tomás Pérez Espinosa, Jorge Luis Otero Colón, Bernabe Lima, Julio Negroni y Pedro Cruz, demandantes y apelados, *v.* Adolfo S. Pagán e Iglesia de los Peregrinos, Inc., demandados y apelante la segunda.

Número 11364.
*Sometido:* 3 de abril de 1956. *Resuelto:* 30 de abril de 1956.

*Guillermo S. Pierluisi,* abogado de la apelante; *Germán Rieckehoff,* abogado de los apelados; *F. González Oliver,* abogado de la Junta de Planificación, ésta como *amicus curiae.*

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Los demandantes son dueños de solares en la calle Joaquín Emanuelli de la urbanización Dávila y Llenza, de Hato Rey. En la demanda de *injunction* por ellos radicada contra Adolfo S. Pagán y la Iglesia de los Peregrinos, Inc., alegan en esencia que son dueños de los solares 5, 3, 7, 10 y 34 de esa urbanización; que el demandado Adolfo S. Pagán es dueño del solar núm. 37, situado en dicha calle; que el solar de Pagán está gravado y sujeto a condiciones restrictivas, entre otras, la de que todas las edificaciones que se construyan en dicha urbanización deberán ser de hormigón, bloque o algún material similar, con fines residenciales exclusivamente, y que en cada solar no podrá construirse un edificio a un costo menor de $5,000;[1] que todas dichas condiciones restrictivas gravan la propiedad del demandado Pagán[2] y los demás sola-

---

[1] La primera de las condiciones restrictivas impuestas a los solares ubicados en la urbanización se lee así:

"Todas las edificaciones que se construyan en dicha urbanización deberán ser de hormigón, bloque o algún material similar con fines residenciales exclusivamente, con excepción de los solares que en el plano de inscripción se indican con los números uno, treinta y tres, cincuenta y cuatro, cincuenta y cinco, cincuenta y seis, cincuenta y nueve y sesenta, y en cada solar no podrá construirse un edificio a un costo menor de cinco mil dólares."

[2] Tales restricciones constituyen derechos reales y son inscribibles en el Registro de la Propiedad. *Baldrich* v. *Registrador,* 77 D.P.R. 739.

res residenciales en la urbanización y constituyen un plan general de mejoras para beneficio de todas las personas que en ella son propietarios, constando en el Registro de la Propiedad de San Juan la fecha en que Pagán adquirió su propiedad y haciéndose referencia a dichas condiciones restrictivas en el contrato a virtud del cual dicho codemandado adquirió el solar en cuestión; que en violación a las referidas condiciones restrictivas Pagán ha cedido dicho solar en arrendamiento a la codemandada Iglesia de los Peregrinos, Inc., a fin de que en el mismo se construya una estructura de madera para usarla como templo religioso; que dicha codemandada ha comenzado la erección de la referida estructura en el indicado solar núm. 37; y que los demandados ocasionan a los demandantes graves daños que no pueden ser determinados, y pérdidas irreparables, con su actitud de rebeldía hacia el derecho de aquéllos.

La codemandada Iglesia de los Peregrinos, Inc., contestó aceptando algunos hechos de la demanda y negando los esenciales. Como defensas especiales alegó que ella obtuvo el correspondiente permiso y autorización de la Oficina de Permisos de la Junta de Planificación del Gobierno de Puerto Rico para llevar a efecto la obra indicada, todo ello con conocimiento de los demandantes, quienes intervinieron en la vista en que finalmente se confirmó el permiso concedido por la Junta; que ella ha comenzado la obra y ha incurrido en gastos con conocimiento de los demandantes; y que la naturaleza de la obra a construirse no es comercial sino para fines religiosos. ([3])

Trabada así la contienda el caso fué visto en sus méritos. El tribunal a quo dictó sentencia, apoyada en conclusiones de hechos y de derecho, declarando con lugar la demanda y condenando a los demandados a que se abstengan permanentemente, personalmente o por mediación de agentes, etc., de de-

---

([3]) El codemandado Pagán no contestó ni compareció a la vista celebrada.

dicar, usar o servirse del solar núm. 37 de la mencionada urbanización para otros propósitos que no sean los que lícitamente permiten las restricciones aludidas. Condenó asimismo a la codemandada a suspender inmediatamente la construcción de la caseta de maderas que estaba llevando a cabo, e impuso las costas a ambos demandados, incluyendo la suma de $200 para honorarios de abogado.

La codemandada Iglesia de los Peregrinos, Inc., apeló para ante nos y señala en su alegato los errores que pasamos a discutir inmediatamente.

██ Sostiene en primer lugar que al concederle permiso para construir la caseta de madera, la Junta de Planificación de Puerto Rico dejó sin efecto las restricciones privadas que impedían la construcción de aquélla, y que por tal motivo el tribunal a quo erró al declarar con lugar el *injunction*. No tiene razón la apelante. Nada hay en la Ley de Planificación, 23 L.P.R.A., secs. 1–54, ni en los reglamentos aprobados por la Junta a virtud de esa Ley, que indique que la mera concesión de un permiso de construcción tenga el efecto y alcance de anular restricciones privadas que resulten inconsistentes con el permiso concedido.[4] El otorgar un permiso de construcción es un deber ministerial, cuando la solicitud que al efecto se presenta cumple estrictamente con los requisitos de ley o de los reglamentos al efecto aprobados. Yokley, *Zoning Law and Practice*, Vol. 1, segunda ed., sec. 99, pág. 234. *Cf. Deliz* v. *Junta de Apelaciones*, 71 D.P.R. 138, 141. La situación que surge es análoga a cuando un reglamento de zonificación permite para un distrito un uso que está prohibido por restricciones convencionales. Existe copiosa jurisprudencia al efecto de que en tales casos prevalecen las restricciones. *Abrams* v. *Shuger*, 57 N.W.2d 445,

---

[4] Es innecesario discutir en el presente caso si la Ley de Planificación confiere poder a la Junta para dejar sin efecto dichas restricciones, ni si sería constitucional una medida a ese efecto sin fijar fondos para el pago de justa compensación a las personas que tengan derecho a exigir el cumplimiento de las restricciones. Véanse 48 Mich.L.Rev. 103; *Alfortish* v. *Wagner*, 7 So.2d 708; 26 C.J.S., sec. 171c, págs. 574, 577.

446; *Wolff* v. *Fallon*, 269 P.2d 630, 634; *City of Richlawn* v. *McMakin*, 230 S.W.2d 902, 906; *Martin* v. *Weinberg*, 109 A.2d 576, 579; *Vorenberg* v. *Bunnell*, 153 N.E. 884.

█ La apelante sostiene igualmente que los demandantes perdieron su derecho a oponerse a la construcción del edificio en cuestión a base de las restricciones privadas, puesto que si bien levantaron la cuestión ante la Junta de Planificación, no apelaron ante este Tribunal Supremo de la resolución de la Junta confirmando la actuación del oficial de permisos.([5]) Está igualmente equivocada. Bajo la actual Ley de Planificación y los reglamentos aprobados a tenor de la misma, la Junta no es el foro apropiado para determinar los derechos que surgen de restricciones convencionales. Véase la nota 4. No puede decirse, por ende, que los demandantes renunciaron a su derecho a exigir el cumplimiento de las restricciones impuestas sobre los solares de referencia por no haber apelado de la resolución de la Junta. Toda vez que bajo la Ley y los reglamentos vigentes la Junta no tiene autoridad alguna sobre restricciones de esta naturaleza, su existencia no puede servir de base a la denegación de un permiso de construcción. Véanse Yokley, *Zoning Law and Practice*, sec. 100, supra; *Green* v. *Jones*, 135 Atl. 802 y *Pumo* v. *Mayor and Council of Fort Lee*, 134 Atl. 122.

█ Insiste finalmente la apelante en que los demandantes no probaron daños irreparables y que, en su consecuencia, no procede el *injunction*. La cuestión así suscitada ha sido resuelta por nosotros en diversas ocasiones en forma adversa a la recurrente. En *Santaella* v. *Purón*, 60 D.P.R. 552, que era también un caso de restricciones, dijimos a la pág. 559, citando de *Joyce* v. *Krupp*, 257 Pac. 124, que "cuando se solicita remedio en equidad, la prueba de daños reales o perjui-

---

([5]) Véase el art. 26 de la Ley núm. 213 de 12 de mayo de 1942 (pág. 1107), según fué enmendado por la Ley núm. 434 de 14 de mayo de 1951 (págs. 1227, 1243); 23 L.P.R.A., sec. 28.

cios sustanciales no es esencial, siendo necesario solamente demostrar una violación de la restricción para que el demandante tenga derecho al remedio solicitado." Nos ratificamos en ese criterio. Véanse también *Macatee* v. *Biascoechea*, 37 D.P.R. 1; *Strauss* v. *Ginzberg*, 15 N.W.2d 130; *Evangelical Lutheran Church of the Ascension of Snyder* v. *Sahlem*, 172 N.E. 455. El hecho de que haya el propósito de usar la caseta en construcción para fines religiosos no altera en forma alguna la situación. *Abrams* v. *Shuger*, supra.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Pérez Pimentel no intervino.

El Juez Asociado Sr. Belaval disintió.