LUAN INVESTMENT CORPORATION y MIRTA C. RAMOS, demandantes y recurrentes, *v.* MARÍA M. ROMÁN, demandada y recurrida; LUAN INVESTMENT CORPORATION y MIRTA C. RAMOS, peticionarias, *v.* MARÍA M. ROMÁN y JUNTA DE PLANIFICACIÓN, recurridas.

*Números:* RE-87-557   *Resueltos:* 15 de febrero de 1990
CE-88-614

*Yanet Torres Ramírez, María Luisa Martínez* y *Susana Cortina de Cárdenas,* de *Lasa, Escalera & Reichard,* abogadas de las recurrentes; *Eric Milán Muñiz,* abogado de la recurrida.

*Manuel J. Vera Vera,* abogado de Luan Investment Corporation y Mirta C. Ramos, peticionarias; *Eric Milán Muñiz,* abogado de María M. Román, recurrida; *Benjamín Soto Maldonado* y *Evelyn T. Márquez Escobar,* abogados de la Junta de Planificación, recurrida.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

Luan Investment Corporation (Luan) acude ante nos solicitando que revisemos las sentencias del tribunal de instancia que denegaron un recurso de *injunction* contra María M. Román (RE-87-557) y uno de revisión administrativa de una decisión de rezonificación dictada por la Junta de Planificación (la Junta) (CE-88-614). Por la importancia pública de los asuntos involucrados, expedimos los referidos recursos. Luego de analizadas las posiciones de las partes y la cronología de sucesos, confirmamos los dictámenes del tribunal de instancia.

I

Luan es dueña de un Centro Comercial localizado en la Urbanización Marbella de Aguadilla. Ha estado operando ese centro por alrededor de veinte (20) años. Entre los servicios que dicho Centro Comercial brinda a los vecinos del área estaba una farmacia que venía siendo operada, por es-

pacio de quince (15) años, por la recurrida señora Román mediante contrato de arrendamiento del local a Luan.

El área donde opera el Centro Comercial de Luan está zonificado para uso comercial C-1 por el mapa de zonificación de Aguadilla.

La Urbanización Marbella tiene una zonificación de distrito residencial R-3 y está gravada por una servidumbre en equidad que impide el uso de sus terrenos para otros fines que no sean residenciales. Dicha servidumbre consta inscrita en el Registro de la Propiedad.

El 13 de mayor de 1983 la señora Román compró un solar con una casa en la Calle B, Núm. 88 de la Urbanización Marbella. Dicha casa nunca ha sido utilizada como vivienda debido a los problemas que conlleva colindar con el estacionamiento y el basurero del Centro Comercial. La casa se había utilizado como almacén, oficina de contabilidad y desde 1982 había estado desocupada.

Luego de adquirir la referida propiedad, la señora Román solicitó a la Administración de Reglamentos y Permisos (A.R.P.E.) un permiso de uso para trasladar el negocio de farmacia del centro comercial a la residencia adquirida en la urbanización y así poder operar el mismo. Su decisión respondió a un aumento en la renta del local de Luan de $600 a $1,700 mensuales.

Como parte de la evaluación de la solicitud del permiso de uso, A.R.P.E. ordenó la celebración de una vista pública y notificó a las partes interesadas excepto a Luan, a pesar de ser la dueña del local comercial colindante. Celebrada la vista el 31 de junio de 1987, A.R.P.E. le concedió a la señora Román una variación (Sec. 53.02(4) del Reglamento de Zonificación (Reglamento de Planificación Núm. 4, Junta de Planificación de Puerto Rico, 1969)), consistente en un permiso de uso provisional, de un (1) año de duración, para operar la farmacia en la residencia de la urbanización. Las partes interesadas, excepto Luan, fueron notificadas de esa decisión.

Al mismo tiempo la señora Román solicitó y obtuvo del Departamento de Salud la concesión de un certificado de necesidad y conveniencia para operar la farmacia.

Enterada de la concesión del permiso de uso provisional con posterioridad al término dispuesto en ley para revisar la decisión de A.R.P.E., ante la Junta de Apelaciones sobre Construcciones y Lotificaciones, Luan instó el recurso de interdicto dispuesto en el Art. 28 de la Ley Orgánica de la Administración de Reglamentos y Permisos (en adelante Ley de A.R.P.E.), Ley Núm. 76 de 24 de junio de 1975 (23 L.P.R.A. sec. 72). En dicha petición adujo que la señora Román se proponía utilizar la residencia en la Urbanización Marbella para un uso prohibido (farmacia) en un distrito R-3, todo ello en violación a los reglamentos de zonificación. Reglamento de Zonificación, *supra*, Sec. 9.02. Alegó, además, que la decisión de A.R.P.E. —al concederle un permiso de uso provisional a la señora Román— era nula ya que la agencia no había seguido el debido proceso de ley al no haberle notificado sobre la vista ni de la decisión (a pesar de ser una parte interesada) y al negarle la oportunidad de expresarse en el proceso administrativo que afectó sus intereses propietarios. Por último, sostuvo que el uso propuesto constituiría un estorbo al libre flujo de automóviles que transitan al centro comercial y un peligro para los peatones de la zona.

La vista de *injunction* se celebró el 16 de agosto de 1987 en el Tribunal Superior, Sala de Aguadilla. Durante la misma no hubo desfile de prueba. La señora Román solicitó la desestimación de la demanda de *injunction* alegando que el procedimiento sumario dispuesto en 23 L.P.R.A. sec. 72 no era el apropiado en este caso; que Luan no había agotado los remedios administrativos, y que A.R.P.E. era parte indispensable en este procedimiento por lo que su no inclusión en la demanda exigía la desestimación.

A base de esos planteamientos el foro de instancia dictó sentencia el 8 de octubre de 1987 que desestimó la demandada de *injunction*.

De esa sentencia recurrió ante nos Luan el 9 de noviembre de 1987 mediante recurso de revisión (RE-87-557). En ese recurso adujo que:

A. Incidió el Tribunal al determinar que el Art. 28 de la Ley Núm. 76 es inaplicable al caso.
B. Incidió el Tribunal a quo en su determinación de que no se agotaron los remedios administrativos.
C. Erró el Tribunal a quo en su determinación de que la Administración de Reglamentos y Permisos era parte indispensable en el proce[so] instado por la parte recurrente. Solicitud de revisión, págs. 5–6.

Mientras el 16 de agosto de 1987 se dilucidaba el *injunction* en el Tribunal Superior, Sala de Aguadilla, la Junta celebró vistas públicas para considerar una solicitud, presentada el 24 de julio de 1987 por la señora Román, para rezonificar el solar sito en la Calle B, Núm. 88 de la Urbanización Marbella de un distrito residencial R-3 a un distrito comercial C-1 y así poder operar allí la farmacia.

A dichas vistas compareció Luan, asistida de abogado y de peritos, y se opuso a la rezonificación mediante la presentación de prueba testifical y documental en apoyo de sus contenciones.

Con fecha de 29 de enero de 1988 la Junta emitió su decisión de autorizar el cambio de la zonificación, del solar objeto de este pleito, de R-3 a C-1. Su decisión se fundamentó en la prueba vertida en la vista pública, en la documentación que obraba en el expediente y en el informe técnico que preparó dicha agencia como parte de su proceso decisional institucional.

De dicha decisión Luan presentó una solicitud de revisión ante el Tribunal Superior, Sala de San Juan. En su escrito sostuvo que la decisión de la Junta de aprobar la rezonifica-

ción era nula al dictarse en contravención a la servidumbre en equidad que grava el solar objeto de rezonificación y que prohíbe un uso distinto al residencial en dicho solar. Alegó, además, que cometió error la Junta al aprobar una rezonificación sin haber preparado la exposición narrativa de la evidencia y sin formular conclusiones de hecho y de derecho como exige el Art. 27 de la Ley Orgánica de la Junta de Planificación de Puerto Rico (en adelante Ley de Planificación), Ley Núm. 75 de 24 de junio de 1975 (23 L.P.R.A. sec. 62z), lo que, según Luan, constituye una violación del procedimiento prescrito y un acto contrario a la ley.

La Junta solicitó la desestimación del recurso. Oportunamente Luan replicó.

El 22 de septiembre de 1988 el Tribunal Superior, Sala de San Juan, declaró sin lugar la solicitud de expedición del recurso "sin perjuicio de que la parte aquí recurrente utilice los recursos legales apropiados para hacer valer la servidumbre en equidad a la que hace referencia en el recurso de revisión, servidumbre que no deja de existir por el mero hecho de que la Junta de Planificación haya aprobado la rezonificación que nos ocupa". Apéndice, pág. 1.

De esta sentencia también acudió ante nos Luan mediante recurso de *certiorari*. Alegó que la Junta había cometido un error de derecho al no preparar una exposición narrativa de la evidencia y formular conclusiones de hecho y de derecho al emitir la decisión de rezonificación y al dejar de notificarle tal decisión en este caso. Sostuvo, además, que por existir una servidumbre en equidad de naturaleza real la Junta no tenía jurisdicción para entender en la petición de rezonificación, ya que tal asunto era propio de los tribunales. Por último, le imputó error al tribunal de instancia "al considerar el recurso como uno discrecional y denegar el auto, no obstante su señalamiento de remedio, ya que en las circunstancias particulares de la decisión el recurso era mandatorio". Solicitud de *certiorari*, pág. 19.

Expedido el auto de *certiorari* lo consolidamos con el recurso de revisión (RE-87-555).

Así las cosas, la señora Román sostuvo que el planteamiento de la recurrente sobre la servidumbre en equidad se había tornado académico toda vez que mediante escritura pública una mayoría de los residentes de la Urbanización Marbella había consentido al establecimiento de la farmacia en el solar, por lo que, en cuanto a dicho solar, había quedado sin efecto la restricción al uso comercial. *Asoc. V. Villa Caparra v. Iglesia Católica*, 117 D.P.R. 346 (1986).

Luan replicó alegando que según la cláusula de duración de la servidumbre, ésta se extendió automáticamente hasta el 1997, toda vez que no se había inscrito ningún documento que la modificara en la fecha de vencimiento del término original de duración.

Habiendo comparecido las partes, resolvemos.

## II

Discutiremos, en primer lugar, los planteamientos aducidos por Luan en el proceso instado al amparo del Art. 28 de la Ley de A.R.P.E., *supra*. En cuanto a los mismos notamos que en este caso no se trata de una construcción clandestina en la que se ha prorrogado el permiso de uso provisional más allá de los permitido por ley y los reglamentos (*Asoc. Res. Baldrich, Inc. v. J.P. de P.R.*, 118 D.P.R. 759 (1987)) al obviar las prohibiciones reglamentarias de la zonificación vigente, sino de un permiso de uso provisional otorgado por sólo un (1) año que estaba vigente tanto en el momento de instarse la acción interdictal como al concederse la rezonificación.

El Art. 28 de la Ley de A.R.P.E., *supra*, dispone un procedimiento mediante el cual tanto el Administrador de A.R.P.E. como el Secretario de Justicia de Puerto Rico, además de los otros remedios permitidos por ley, pueden

presentar un recurso de *injunction, mandamus,* nulidad o cualquier otra acción adecuada para impedir, prohibir, anular, vacar, remover o demoler cualquier edificio construido o cualquier edificio o uso hecho o mantenido en violación de la Ley de A.R.P.E. o de sus reglamentos.

Además, autoriza a cualquier persona a incoar el procedimiento adecuado en ley para evitar infracciones a la Ley de A.R.P.E. y sus reglamentos, así como para evitar cualquier estorbo adyacente o en la vecindad de la propiedad o vivienda de la persona afectada. Para ello, el Art. 28 de esta ley, *supra,* provee un procedimiento especial para combatir la ilegalidad. Dicho procedimiento es de naturaleza *estatutaria, especial* y *sumaria.*

■ En la acción interdictal presentada por Luan bajo el Art. 28 de la Ley de A.R.P.E., *supra,* ésta no llevó la existencia de la servidumbre en equidad a la atención del tribunal y concluimos que no podía plantearlo allí. La naturaleza especial y *sumaria* de dicho interdicto se vería desvirtuada con el trámite generalmente ordinario de la acción para hacer valer las restricciones impuestas por la servidumbre en equidad. 23 L.P.R.A. sec. 72; *Torres v. Rodríguez,* 101 D.P.R. 177 (1973), resuelto bajo el Art. 24 de la Ley de Planificación de 1942, predecesor del Art. 28, *supra.*

■ El procedimiento del Art. 28 de la Ley de A.R.P.E., *supra,* intenta vindicar la reglamentación gubernamental de la Ley de A.R.P.E. y sus reglamentos y eliminar estorbos a través de la participación ciudadana en el proceso, y no la reglamentación privada que establecen las servidumbres en equidad. Debe recordarse que aunque muchas veces ambas reglamentaciones son compatibles, en otras, como sucede en el caso de autos, están en conflicto. *Cf. Asoc. V. Villa Caparra v. Iglesia Católica,* supra, pág. 353.

■ Pero además, en el caso de autos, dada la cronología de sucesos antes descrita, concluimos que una vez la Junta aprobó la enmienda al mapa de zonificación de Aguadilla —para extender el distrito comercial C-1 hasta el solar de la recurrida— se tornaron académicas las cuestiones levantadas en el recurso de revisión que cuestiona la desestimación hecha por el foro de instancia de la acción interdictal al amparo del Art. 28 de la Ley de A.R.P.E., *supra. El Vocero v. Junta de Planificación*, 121 D.P.R. 115 (1988). Ningún efecto tendría resolver que el permiso de uso provisional otorgado a la señora Román era nulo, una vez la Junta concedió la rezonificación permanente que permite el uso comercial de la farmacia en su propiedad y autorizó el uso permitido provisionalmente por A.R.P.E.

## III

En relación con los planteamientos hechos por Luan sobre la revisión judicial de la rezonificación de la propiedad de la señora Román, concluimos que no le asiste la razón.

■ El procedimiento para la adopción o enmienda a un mapa de zonificación es de naturaleza *cuasi legislativa* y no cuasi adjudicativa, pues contrario a la última, no adjudica una controversia sino que establece una reglamentación. Cabe recordar que en dicho procedimiento la Junta actúa en el ejercicio de un poder legislativo delegado. El tratadista Anderson expresa, al respecto, que "[l]a adopción de reglas de zonificación, ya sea por una legislatura estatal o por las autoridades legislativas de un municipio [o, como en Puerto Rico, por la agencia administrativa], constituye un ejercicio del poder legislativo". (Traducción nuestra.) 1 *Anderson, American Law of Zoning, 3d* Sec. 2.01 (1986). Véase, además, 1 *Ziegler, The Law of Zoning and Planning* Secs. 1.01 a 1.03 (4ta ed.). De igual manera, las enmiendas a la zonificación emitidas en el ejercicio de ese poder delegado

deben seguir un procedimiento cuasi legislativo para que sean válidas. Como sostiene Hagman, "[l]a mayoría de los estados considera tales enmiendas a la zonificación de un solar como leyes y les otorga una presunción de validez". (Traducción nuestra.) Hagman, *Urban Planning and Land Development Control Law*, 2da ed., Minnesota, Ed. West Publishing Co., 1986, Sec. 6.4. Véanse: *Ziegler*, supra, Vol. 2, Sec. 27A.04 *et seq.*; *Anderson*, supra, Vol. 2, Sec. 9.04; 2 *Yokley, Zoning Law and Practice* Secs. 9–5 y 11–1 *et seq.* (4ta ed.); *Williams, American Land Planing Law*, Sec. 16.15. De igual forma, Anderson señala que "[p]or lo general, la potestad de adoptar enmiendas se delega en el cuerpo legislativo al que se confirió la potestad de adoptar la regla de zonificación original. Aunque la mayoría de los tribunales ha considerado este procedimiento de adoptar enmiendas como un procedimiento legislativo, algunos lo consideran de naturaleza adjudicativa". (Traducción nuestra.) *Anderson*, supra, Vol. 1, Sec. 4.27. Véase, además, *Ziegler*, supra, Vol. 2, Sec. 27.04[5][a]. El procedimiento para adoptar o enmendar un reglamento o mapa de zonificación se rige por las disposiciones de la Ley de Planificación en la medida en que no estén en conflicto con la nueva Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2101 *et seq.*).[1]

■ Tratándose de un procedimiento de naturaleza cuasi legislativa, la Junta no tiene que expresar las determinaciones de hecho y de derecho en que fundamenta su decisión, como si se tratara de un procedimiento de naturaleza adjudicativa para dirimir una controversia particular. Art. 32(b) de

---

[1] Esta ley entró en vigor el 12 de febrero de 1989. La decisión de la Junta de Planificación de conceder la enmienda al mapa de zonificación de Aguadilla fue emitida el 29 de enero de 1988. Por ello no aplica al caso de autos la referida ley.

la Ley de Planificación, 23 L.P.R.A. sec. 63d(b); *A.D.C.V.P. v. Tribunal Superior*, 101 D.P.R. 875, 883 (1974.[2]) El Art. 27 de la Ley de Planificación, *supra*, establece el procedimiento específico, de naturaleza cuasi legislativa, que la Junta debe seguir antes de adoptar o de enmendar, o de proponer que se adopten o se enmienden los mapas de zonificación, entre otros.

■ Los mapas de zonificación y sus enmiendas representan la forma visual y práctica de instrumentar los reglamentos de zonificación y sus enmiendas. Su aprobación y enmiendas no son actos de naturaleza adjudicativa, dirigidos a resolver una controversia en particular entre una o más personas, sino que son actos producto de los instrumentos con los cuales el Estado ha provisto a la Junta para reglamentar el uso de la tierra en Puerto Rico, de manera que se logre un desarrollo integral y balanceado de nuestra sociedad.

■ La zonificación es uno de los instrumentos conferidos por el legislador a la Junta para llevar a cabo sus funciones dentro de una sociedad y un gobierno cada vez más complejos, un sistema abierto que confronta innumerables presiones como resultado de necesidades y aspiraciones conflictivas y que experimenta unos cambios sociales acelerados dentro de su escala reducida, escasez de terreno y recursos naturales, alta densidad poblacional y un ecosistema frágil.

---

[2] *A contrario sensu,* los casos de naturaleza adjudicativa son, entre otros, los de consulta de ubicación (*López v. Junta de Planificación,* 80 D.P.R. 646 (1958)), los de otorgamiento de permisos de uso (*Pérez v. Pagán,* 79 D.P.R. 195 (1956)) y los de aprobación del desarrollo de un proyecto particular (*Yokley's Law of Subdivisions,* 2da ed., Virginia, Ed. The Michie Co., 1981, Sec. 15).

Recuérdese que bajo la nueva Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2101 *et seq.*), la adjudicación significa el "pronunciamiento mediante el cual una agencia determina los derechos, obligaciones o privilegios que correspond[e]n a una parte" en una controversia de hechos particular. 3 L.P.R.A. sec. 2102(b).

Dicho instrumento fortalece aquellas funciones de la Junta relacionadas con la orientación, coordinación e integración de la política pública sobre el desarrollo integral del país, así como de sus funciones de investigación, información y asesoramiento. Exposición de Motivos de la Ley Núm. 75, *supra*.

La Junta es un organismo creado para proteger los intereses y el bienestar de la ciudadanía en general en el descargo de la política pública de planificación y zonificación (*E.L.A. v. Domínguez*, 104 D.P.R. 468, 470 (1975)). Dentro de la ancha encomienda de planificación integral (*The Richards Group v. Junta de Planificación*, 108 D.P.R. 23, 30 (1978)), la ley le facultó para que zonificara las distintas áreas de nuestra isla. Para ello la Rama Legislativa delegó en ella el poder de reglamentación con normas amplias y generales que le permitieran una gran discreción en el desarrollo y ejecución de la política pública sobre zonificación (*López v. Junta de Planificación*, 80 D.P.R. 646, 661 (1958)). De ahí que el Art. 16 de la Ley de Planificación, *supra*, le confiere la facultad para adoptar reglamentos fijando el uso y desarrollo por zonas o distritos de los terrenos y edificios públicos y privados. 23 L.P.R.A. sec. 62o. La fuente de poder de su reglamentación es el poder de estado de regular la propiedad privada para salvaguardar la salud, la seguridad y el bienestar de sus ciudadanos.

Mediante la reglamentación de zonificación, el Estado asume un rol activo en el proceso de control y regulación de la utilización del limitado recurso tierra y de nuestro frágil ecosistema, a fin de armonizar intereses y aspiraciones con las menores perturbaciones sociales.

En *López v. Junta de Planificación*, supra, pág. 662, expresamos: "No hay duda de que hoy día la zonificación, como parte integral del planteamiento [sic.] urbanístico, es imprescindible para resolver los problemas humanos,

sociales y económicos derivados principalmente de: (1) la densidad de población en las áreas urbanas; (2) el tráfico y la circulación en el interior de la ciudad; (3) la centralización industrial e instalación de nuevas fábricas en el casco urbano; (4) la urgencia de proveer viviendas adecuadas, parques, espacios de recreación y descanso, luz y aire para la salud física y mental de los habitantes; (5) la necesidad de asegurar la armonía de conjunto y los varlores estéticos de la comunidad[,] y (6) la obligación de conservar los valores históricos en las zonas antiguas. O dicho en forma negativa: para evitar los graves males, desajustes y deficiencias materiales y humanos [sic.] que produce la desorganización en la áreas urbanas, hay que establecer un programa efectivo de zonificación y planeamiento."

Estos beneficios de la zonificación racional del terreno, en unión a la función eminentemente social del concepto contemporáneo de la propiedad (*Rivera v. R. Cobián Chinea & Co.*, 69 D.P.R. 672, 676 (1949); *The Richards Group v. Junta de Planificación*, supra) y nuestra realidad de limitación geográfica y alta densidad poblacional (*E.L.A. v. Rodríguez*, 103 D.P.R. 636, 642 (1975); *Flamboyán Gardens v. Junta de Planificación*, 103 D.P.R. 884, 891–892 (1975); *E.L.A. v. Mercado Carrasquillo*, 104 D.P.R. 784, 788 (1976)), justifican el ejercicio de razón de estado para regular y controlar razonablemente el uso de la propiedad privada y la delegación de este poder en una agencia especializada: la Junta. El ejercicio de ese poder requiere de instrumentos que permitan poner en vigor tal reglamentación. Los mapas de zonificación de cada municipio son uno de los instrumentos para ello.

Sin embargo, tal poder de reglamentación sobre zonificación, que incluye la rezonificación, no es ilimitado ni libre de revisión judicial. Hagman advierte que:

Por lo general, un tribunal permitirá que prevalezca una rezonificación a menos que se pueda demostrar que la misma ha sido arbitraria y caprichosa. Hagman, *op. cit.*, pág. 169. Véase, además, *Ziegler*, supra, Vol. 2, Cap. 27A.

■ Cónsono con esa postura, hemos expresado en *M. & B.S., Inc. v. Depto. de Agricultura*, 118 D.P.R. 319, 326 (1987), que:

No obstante, lo que actualmente se requiere como medida fiscalizadora es que las agencias aprueben reglamentos que delimiten o precisen sus facultades al amparo de la ley y así evitar actuaciones ilegales o arbitrarias. La función de los tribunales generalmente ha de ir dirigida a evaluar: (1) si la actuación administrativa está autorizada por la ley; (2) si se delegó poder de reglamentación; (3) si la reglamentación promulgada está dentro de los amplios poderes delegados; (4) si al aprobarse el reglamento se cumplió con las normas procesales de la ley orgánica y de las leyes especiales, y (5) si la reglamentación es arbitraria o caprichosa. *Cf. Motor Vehicle Mfrs. Assn. v. State Farm Mut.*, 463 U.S. 29 (1983). Véanse, además: B. Schwartz, *Administrative Law*, 2da ed., Boston, Ed. Little, Brown & Co., 1984, pág. 154 *et seq.*; 4 *Davis, Administrative Law Treatise* Sec. 9.7 *et seq.* (2da ed. 1983); *Anderson*, supra, Vol. 1, Sec. 4.01 *et seq.*, *Ziegler*, supra, Vol. 1, Secs. 2.01 a 3.05.

En su recurso de revisión la recurrente no ataca, como tampoco lo hizo en el foro de instancia, la rezonificación aprobada por la Junta bajo ninguno de estos fundamentos.[3] Ello impide que evaluemos la rezonificación en cuestión a la luz de estos factores.

---

[3] Por primera vez ante nos los recurrentes aducen que por tratarse de un predio de terreno específico, el que es objeto de la rezonificación, debe considerarse el caso como uno de naturaleza cuasi adjudicativa. Si bien tal postura ha tenido alguna acogida en otras jurisdicciones, *Fasano v. Board of County Com'rs of Washington Cty.*, 507 P.2d 23 (Oregon 1973); Hagman, *Urban Planning and Land Development Control Law*, 2da ed., Minnesota, Ed. West Publishing Co., 1986, págs. 170–172, la misma no la hemos adoptado en nuestra jurisdicción.

## IV

■ Por otra parte, el recurso de revisión de la decisión de la Junta de conceder la rezonificación no es el adecuado para que el Tribunal considere el efecto de un convenio restrictivo sobre la rezonificación aprobada.

Ni la ley ni los reglamentos vigentes le conceden autoridad a la Junta para adjudicar los derechos de una parte que surgen de restricciones privadas. *Pérez v. Pagán*, 79 D.P.R. 195, 199 (1956); *Asoc. V. Villa Caparra v. Iglesia Católica*, supra, pág. 353 esc. 6; *Yokley*, supra, Vol. 4, Sec. 26; Hagman, *op. cit.*, Sec. 19.5; *Ziegler*, supra, Vol. 1, Sec. 1.01, pág. 1–5; *Ziegler*, supra, Vol. 4, Sec. 57.02; L. Berger, *Conflicts Between Zoning Ordinances and Restrictive Covenants: A Problem in Land Use Policy*, 43 Neb. L. Rev. 449 (1963).

■ Una vez un ciudadano, perjudicado por la zonificación dispuesta en los mapas de la Junta, solicita y cumple con los requisitos de ley para la rezonificación (Art. 11(5) de la Ley de Planificación, 23 L.P.R.A. sec. 62j(5); Sec. 4.00 del Reglamento de Zonificación, *supra*; Resolución JP-191 de 17 de mayo de 1972) queda a discreción de dicho organismo conceder o denegar la misma. *Cf. Pérez v. Pagán*, supra, pág. 198. Pero en tales circunstancias, la existencia de restricciones privadas no impide que la Junta considere y conceda la enmienda a un mapa de zonificación en el ejercicio de las facultades que le confiere la ley para implantar la política pública sobre la planificación. En el proceso de rezonificación, si adviene en conocimiento de ellos, los debe considerar como un elemento más en su proceso decisional.

■ Claro está, del mismo modo, la rezonificación concedida no tiene el efecto de anular las restricciones privadas que resulten incompatibles con la misma. *Cf. Asoc. V. Villa Caparra v. Iglesia Católica*, supra; *Rodríguez v. Twin Towers Corp.*, 102 D.P.R. 355 (1974). Pero, para hacer valer estos

derechos, sus beneficiarios deben recurrir a una acción independiente (*Olmeda Nazario v. Sueiro Jiménez*, 123 D.P.R. 294 (1989)) que incluya el *injunction* ordinario. *Glines et al. v. Matta et al.*, 19 D.P.R. 409 (1913). Allí, todas las partes acreedoras al derecho surgido de la servidumbre en equidad, así como la beneficiaria de la rezonificación, serán oídas sobre las acciones y defensas que a bien tengan presentar. El tribunal concederá, a su vez, un remedio completo.

Además, la decisión del organismo administrativo recibirá la debida deferencia, en el balance de intereses y factores involucrados para la determinación de cuál reglamentación debe prevalecer: la del Estado o la privada. *Cf. Asoc. V. Villa Caparra v. Iglesia Católica*, supra, pág. 353 esc. 7, y referencias allí citadas.

En el caso de autos Luan intentó cuestionar sustantivamente, en revisión, la determinación de la Junta de conceder la rezonificación. Para ello no fue prevista la revisión en casos de rezonificación, 23 L.P.R.A. sec. 63d(b). Luan no nos pone en condiciones de evaluar si la Junta se extralimitó en sus poderes al conceder la rezonificación. *M. & B.S., Inc. v. Dept. de Agricultra*, supra. La Junta tampoco podía adjudicar ningún derecho que surgiera de la servidumbre en equidad en ese proceso por carecer de facultad en ley. La señora Román válidamente podía solicitar y obtener la rezonificación de su solar(4) y la Junta, en el descargo de sus deberes, podía tomar una determinación en tal sentido. El conflicto que surja entre la determinación de la Junta y la servidumbre existente debe dilucidarse en un pleito independiente.

---

(4) Advertimos que al expedir el certificado de necesidad y conveniencia el Departamento de Salud debe pasar juicio sobre la conformidad de la farmacia con la reglamentación de la Junta de Planificación. Sólo así se logra la coordinación adecuada entre las decisiones de una agencia y otra, y una planificación del sector de la salud integrada con la planificación general del país. Véanse: 24 L.P.R.A. sec. 334b; *Ruiz Hernández v. Mahiques*, 120 D.P.R. 80 (1987).

*Se dictará sentencia confirmatoria.*

El Juez Asociado Señor Negrón García disiente sin opinión escrita. El Juez Asociado Señor Rebollo López disiente "por cuanto entiend[e] que la [o]pinión [m]ayoritaria emitida promueve la anómala coexistencia y celebración de dos [(2)] procedimientos judiciales sobre una misma controversia, y la impermisible posibilidad de la emisión de dos [(2)] decisiones judiciales, contradictorias entre sí, sobre el mismo asunto".