NORMA NEGRÓN SANTOS, demandante y peticionaria, *v.* JUNTA DE PLANIFICACIÓN y GABRIEL MIRANDA, CONCESIONARIO, demandados y recurridos.

Número: CE-94-251          Resuelto: 13 de octubre de 1995

*Enrique Dávila Torres,* abogado de la parte peticionaria; *Wanda Ortiz Rivera,* abogada de la parte recurrida.

## SENTENCIA

Comparece ante nos la Sra. Norma Negrón Santos mediante una petición de *certiorari* para solicitarnos que revoquemos la sentencia dictada por el Tribunal Superior, Sala de San Juan, el 9 de marzo de 1994. Mediante dicha sentencia, el foro a quo confirmó una determinación de la Junta de Planificación que autorizaba una solicitud de enmienda al mapa de zonificación de Corozal. La peticionaria impugna dicha autorización en conformidad con lo dispuesto en *Luan Investment Corp. v. Román*, 125 D.P.R. 533 (1990), para la revisión judicial de actuaciones cuasi legislativas. Revocamos la sentencia recurrida y, en consecuencia, la autorización de cambio de zonificación impugnada, toda vez que de un estudio minucioso de los autos del

caso se desprende que la actuación de la Junta de Planificación constituyó un claro abuso de discreción. Los hechos del caso están detallados a continuación.

I

El 13 de mayo de 1992, el Sr. Gabriel Miranda Ocasio presentó ante la Junta de Planificación (en adelante la Junta) una petición de enmienda al mapa de zonificación de Corozal. En ésta, solicitó la rezonificación de dos (2) solares de su propiedad de un distrito residencial general (R-3) a un distrito comercial central (C-3).[1] Los usos de éstos, al momento de la solicitud presentada, eran la venta de piezas de vehículos de motor, un salón de belleza, una heladería, una residencia y un taller de mecánica.[2] Los usos propuestos fueron los mismos.

En dicha ocasión, varios de los vecinos, entre ellos la Sra. Norma Negrón Santos —parte aquí peticionaria— se opusieron al cambio solicitado. Alegaron que el sector era residencial y que carecía de estacionamientos. La Junta llevó a cabo la vista pública correspondiente, y el 30 de diciembre de 1992 denegó la rezonificación solicitada. A pesar de ello, la Junta consignó en su comunicación que de surgir cambios sustanciales en las condiciones del solar o del sector, o de existir algún planteamiento adicional a los ya considerados, se podría considerar de nuevo el caso si se sometía una nueva petición al respecto. Indicó, además, que la nueva petición debía de justificarse en términos de los cambios habidos.

Así las cosas, el 9 de julio de 1993 el señor Miranda Ocasio presentó de nuevo una petición ante la Junta para

[1] Dichos solares están localizados en la Calle 5, Núm. F-12 y F-13 de la Urb. María del Carmen en Corozal.

[2] El 28 de mayo de 1993, el Tribunal Superior, Sala de Bayamón, dictó sentencia en el Caso civil Núm. 93–0102, que estaban ordenó la demolición de ciertas estructuras construidas en los solares F–12 y F–13 y que dedicadas al uso comercial sin permiso previo autorizado por la Administración de Reglamentos y Permisos.

solicitar el mismo cambio de zonificación.([3]) La Junta procedió a celebrar una nueva vista pública y los vecinos, incluyendo a la señora Negrón, se opusieron de nuevo al cambio solicitado. Sustentaron su oposición en que no habían ocurrido los requeridos cambios sustanciales en las condiciones de los solares. En adición, se reiteraron en que los locales carecían de estacionamientos, lo cual, a su entender, violaba el Plan de Usos de Terrenos vigente para el Municipio de Corozal.

Según se desprende del informe realizado por la Junta, la técnica que estudió la petición que nos ocupa informó que el estudio de campo no había podido ser realizado debido a las inclemencias del tiempo. No empece, el 18 de noviembre de 1993 la Junta autorizó la solicitud presentada y rezonificó el distrito residencial R-3 a un distrito comercial C-1. No conforme con dicha determinación, la opositora Norma Negrón acudió mediante solicitud de revisión al Tribunal Superior, Sala de San Juan.([4]) El 9 de marzo de 1994, dicho foro emitió una sentencia que declaraba no ha lugar el recurso presentado.([5])

---

([3]) En esta nueva petición se añadió el solar F-11.

([4]) Los recurridos alegaron que el foro a quo carecía de jurisdicción para evaluar el recurso de revisión presentado, ya que a su entender no se había cumplido con el requisito jurisdiccional de notificar a todas las partes que endosaron la rezonificación solicitada. Dicho señalamiento carece de méritos, ya que estas personas no fueron "parte" en el procedimiento administrativo. Ninguna de las personas endosantes reclamaron derecho o remedio alguno; tampoco fueron designadas como parte en el procedimiento llevado a cabo. Véase la Sec. 1.3 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2102.

Por otro lado, el Art. 32 de la Ley Orgánica de la Junta de Planificación de Puerto Rico, Ley Núm. 74 de 24 de junio de 1995, según enmendada, 23 L.P.R.A. sec. 63(d), expresamente dispone que una determinación de la Junta de Planificación (en adelante Junta) para enmendar un mapa de zonificación podrá impugnarse mediante la presentación de un recurso de revisión ante el Tribunal Superior dentro de los treinta (30) días siguientes a la fecha cuando se publique la enmienda al mapa de zonificación. De los autos del caso ante nos no surge la fecha cuando se publicó la enmienda al mapa de zonificación; no obstante, el recurso de revisión fue presentado ante el Tribunal Superior a los seis (6) días de haberse comunicado la determinación de la Junta. En vista de ello, el Tribunal Superior tenía jurisdicción para evaluar el recurso de revisión presentado.

([5]) Solicitada oportunamente la reconsideración de dicha sentencia, el foro a quo la declaró "no ha lugar".

Inconforme con el dictamen del tribunal de instancia, acude ante nos la opositora mediante una petición de *certiorari*. Solicita la revocación de la sentencia recurrida y señala la comisión de los errores siguientes:

PRIMERO: Actuó ilegalmente la Junta de Planificación cuando autorizó un cambio de zonificación en violación al Plan de Usos de Terrenos vigente para el Municipio de Corozal y en violación al Plano de Inscripción Final para el desarrollo residencial conocido como Urbanización María del Carmen.

SEGUNDO: Erró en derecho la Junta de Planificación al aprobar rezonificación comercial de tres (3) solares sin la existencia de cambios sustanciales en el sector. Petición de *certiorari*, pág. 6.

Luego de evaluar el recurso presentado y sus correspondientes documentos anejos, concedimos un término a los recurridos para que mostrasen causa por la cual no debíamos expedir el auto solicitado y revocar la autorización de cambio de zonificación impugnada. Habiendo comparecido ambas partes, y estando en posición de resolver el recurso presentado, procedemos a hacerlo así.

## II

Atenderemos ambos señalamientos de error en conjunto por encontrarse íntimamente relacionados. El planteamiento medular formulado por la aquí peticionaria es a los efectos de que la enmienda al mapa de zonificación fue autorizada por la Junta de manera arbitraria y caprichosa. Luego de estudiar y analizar los planteamientos esgrimidos por las partes que han comparecido, coincidimos con las alegaciones esbozadas por la peticionaria. Veamos.

La Junta es un organismo creado por ley para guiar el desarrollo integral de Puerto Rico y llevar a cabo la importante labor de planificar, zonificar y establecer el uso de las distintas áreas del país. 23 L.P.R.A. sec. 62c. A esos efectos la Junta fue facultada, no sólo para preparar y adoptar los mapas de zonificación de la isla, sino también para consi-

derar y atender las solicitudes de enmiendas a éstos. 23 L.P.R.A. sec. 62 j(5); Sec. 4.04 del Reglamento de Zonificación de Puerto Rico (Reglamento de Planificación Núm. 4), Junta de Planificación, 16 de septiembre de 1992 (en adelante Reglamento de Planificación).

Esta autoridad, que ostenta la Junta para zonificar y rezonificar, forma parte del poder de reglamentación que le fuera delegado por la Legislatura, lo cual convierte tales funciones en actos de naturaleza cuasi legislativa. Así lo establece el Art. 32 de la Ley Orgánica de la Junta de Planificación de Puerto Rico, 23 L.P.R.A. sec. 63d, y así también lo indicamos en *Luan Investment Corp. v. Román*, supra, págs. 545–547, al expresar lo siguiente:

> El procedimiento para la adopción o enmienda a un mapa de zonificación es de naturaleza *cuasi legislativa* y no cuasi adjudicativa, pues contrario a la última, no adjudica una controversia sino que *establece una reglamentación.*
>
> .    .    .    .    .    .    .    .    .
>
> Los mapas de zonificación y sus enmiendas representan la forma visual y práctica de instrumentar los reglamentos de zonificación y sus enmiendas. Su aprobación y enmiendas no son actos de naturaleza adjudicativa, dirigidos a resolver una controversia en particular entre una o más personas, sino que son actos producto de los instrumentos con los cuales el Estado ha provisto a la Junta para reglamentar el uso de la tierra en Puerto Rico, de manera que se logre un desarrollo integral y balanceado de nuestra sociedad. (Énfasis suplido.)

Tal poder de reglamentación le fue otorgado a la Junta con normas amplias y generales, que le permiten ejercer un amplio margen de discreción en la consecución de su política pública sobre zonificación.[6] De esta manera, cada vez que alguna persona, funcionario u organismo solicite un cambio de zonificación, y cumpla con los requisitos de ley, quedará a discreción de la Junta el conceder o denegar el cambio solicitado. *Luan Investment Corp. v. Román*, supra; *Pérez v. Pagán*, 79 D.P.R. 195 (1956). Sin embargo, ello

---

[6] Véase *López v. Junta Planificación*, 80 D.P.R. 646 (1958).

no significa que tal discreción sea absoluta o ilimitada, ni que el ejercicio de tal poder escape totalmente a la revisión judicial.

El Art. 32 de la Ley Orgánica de la Junta de Planificación de Puerto Rico, *supra*, dispone la revisión judicial para este tipo de actuaciones *cuasi legislativas* que lleva a cabo la Junta. A esos efectos, dispone expresamente que la adopción de los mapas de zonificación, así como las enmiendas a éstos, serán "finales" y que el foro judicial sólo podrá revisar si la Junta ha cumplido con el procedimiento dispuesto por ley.

Al amparo de dicha disposición, hemos resuelto que en el ámbito de la reglamentación sobre zonificación y rezonificación, la función revisora de los tribunales ha de ir dirigida a determinar si la Junta en algún momento del proceso se extralimitó en sus poderes. Como medida fiscalizadora, hemos sostenido que los tribunales deberán evaluar: (1) si la actuación administrativa está autorizada por ley; (2) si se delegó el poder de reglamentación; (3) si la reglamentación promulgada está dentro de los poderes delegados; (4) si al aprobarse la reglamentación se cumplió con las normas procesales, y (5) si la reglamentación es arbitraria o caprichosa. *Luan Investment Corp. v. Román*, supra. Véanse, además: *Aulet v. Depto. Servicios Sociales*, 129 D.P.R. 1 (1991); *M. & B. S., Inc. v. Depto. de Agricultura*, 118 D.P.R. 319 (1987). De esta forma el Poder Judicial conserva la facultad de corregir cualquier abuso de discreción por parte de la Junta.

## III

Tomando en consideración las normas de derecho antes expuestas, pasemos a analizar los hechos del caso de epígrafe.

De éstos se desprende que la primera petición de rezonificación, presentada por el señor Miranda, fue denegada por la Junta luego de considerar y analizar todos los aspectos relacionados al caso. Sin embargo, diez (10) meses después, la Junta autorizó el cambio referido ante una nueva petición al respecto.

Por su parte, la Sec. 4.06 del Reglamento de Zonificación, *supra*, pág. 47, dispone, en lo pertinente, que "[c]uando se tratare de una solicitud de enmienda a una pertenencia para la cual la Junta había denegado anteriormente una solicitud similar, será *necesario que el peticionario demuestre por escrito que ha habido cambios sustanciales* en las condiciones del área o sector donde radica la petición de cambio, en comparación a las existentes cuando se tomó dicho acuerdo, que amerite que la Junta considere nuevamente la solicitud". (Énfasis suplido.) Así también lo expresó la Junta en la comunicación que emitiera para denegar la primera solicitud de rezonificación presentada. Ello, al advertir que podría considerarse el caso de nuevo si éste se justificaba en términos de los cambios habidos en el sector.

No obstante, de la segunda solicitud de rezonificación no surge que se hubiesen alegado, justificado o mucho menos demostrado unos cambios sustanciales en las condiciones del área que se desea rezonificar. Examinamos minuciosamente los autos ante nos y nada hemos encontrado que meridianamente revele, o al menos sugiera, la ocurrencia de algún cambio que ameritase la autorización de una rezonificación que había sido denegada diez (10) meses antes. Más aún, la técnica de la Junta que estudió el caso no pudo aludir a la existencia de cambios en el área, ya que, como indicáramos antes, el estudio de campo no fue realizado debido a las inclemencias del tiempo. En vista de ello, no entendemos en qué tipo de cambios sustanciales se pudo haber fundamentado la Junta para entrar a conside-

rar y posteriormente a conceder la rezonificación impugnada.

De otra parte, el Plan de Usos de Terrenos vigente para el Municipio de Corozal, y adoptado por la propia Junta, dispone que ésta podrá considerar cambios graduales en los usos de los terrenos del Municipio de Corozal a tono con los méritos de cada petición de rezonificación presentada. Ello al evaluar, entre otras cosas, si dichos cambios serían para beneficio de la comunidad, *si los solares que se desean rezonificar cuentan con espacios de estacionamiento, si los nuevos usos son compatibles con los usos en las propiedades colindantes y si los cambios propuestos no crean condiciones adversas en el vecindario.*[7]

Sin embargo, es de notar que nada hay en los autos ante nos que demuestre que los parámetros de dicho Plan de Usos de Terrenos hubiesen sido tomados en consideración por la Junta al momento de conceder el cambio impugnado. De la faz del expediente surge que los solares en cuestión no contaban con espacios para estacionamiento, lo cual podría ocasionar un conflicto vehicular en el sector residencial.[8] Problema que, sin, duda ya es de suficiente magnitud en nuestra isla.

En adición, según surge del Plano de Inscripción anejado al expediente, los solares referidos forman parte de un desarrollo residencial que ya cuenta con un área de $1585.03m^2$ reservada exclusivamente para facilidades comerciales. Incluso las propiedades colindantes son de

---

[7] El Plan de Usos de Terrenos del Municipio de Corozal fue adoptado por la Junta de Planificación el 27 de enero de 1983 y aprobado por el Gobernador de Puerto Rico el 19 de mayo de 1987. (Resolución P.U.T. C–40.)

[8] Adviértase que según se desprende del informe preparado por el técnico que estudió la primera solicitud de rezonificación, el estacionamiento existente en los referidos solares era "en la calle". Del informe preparado en la evaluación de la segunda solicitud no se desprende que ello hubiese cambiado; ni tan siquiera se hizo referencia a si éstos existían o no.

Advertimos, además, que el Reglamento de Zonificación dispone que tanto en los distintos clasificados como comercial-liviano (C-L) como en los distintos clasificados comercial-local (C-1) se proveerán áreas de estacionamiento. Secs. 21.12 y 20.14 del Reglamento de Zonificación de Puerto Rico (Reglamento de Planificación Núm. 4), Junta de Planificación, 16 de septiembre de 1992.

clasificación residencial y no comercial. En vista de todo ello, estimamos que del expediente no surgen circunstancias indicativas de que el cambio de zonificación propuesto pudiera redundar en beneficio a la comunidad.

No nos persuade el argumento formulado por la Junta respecto a que los Planes de Usos de Terrenos sólo pueden servir como una mera guía al momento de determinar si se concede o no una rezonificación. Nótese que el Art. 14 de la Ley Orgánica de la Junta de Planificación de Puerto Rico, 23 L.P.R.A. sec. 62m, dispone que los Planes de Usos de Terrenos adoptados por la Junta "serán la base para la preparación y revisión de los mapas de zonificación". Así también dispone que todo proyecto u obra que vaya a ser realizada por cualquier persona o entidad deberá estar de acuerdo con las recomendaciones de dichos planes. Incluso, el Plan de Usos de Corozal dispone que los mapas de zonificación constituirán el instrumento operacional que, "enmarcado siempre dentro del Plan de Usos de Terrenos", será revisado periódicamente para que sirva de guía al desarrollo del municipio.

En síntesis, y a la luz de todo cuanto antecede, concluimos que ni del expediente ni de los documentos que obran en éste surgen circunstancias capaces de justificar o avalar el cambio de zonificación concedido por la Junta. Tampoco existe un estudio de campo realizado por la Junta que pudiera controvertir las alegaciones esbozadas por los vecinos opositores. Por lo tanto, ello nos obliga a resolver que la actuación de la Junta en la situación que nos ocupa fue arbitraria y caprichosa, y constituyó un abuso de discreción en el descargo de sus deberes.

A tenor con todo lo expresado, *se expide el auto solicitado y, en consecuencia, se revoca la autorización de cambio de zonificación concedida por la Junta en este caso.*

Lo pronunció y manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Corrada Del Río disintió con una opinión escrita. Los Jueces Asociados

Señora Naveira de Rodón y Señor Fuster Berlingeri no intervinieron.

*(Fdo.)* Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión disidente emitida por el Juez Asociado Señor Corrada Del Río.

La sentencia dictada por la mayoría no está justificada al tomar en consideración los hechos de este caso y el derecho aplicable. La sentencia recurrida debe ser confirmada.

I

Se trata de una petición de enmienda al mapa de zonificación de Corozal presentada ante la Junta de Planificación (en adelante la Junta) por el Sr. Gabriel Miranda Ocasio. Interesaba la rezonificación de dos (2) solares de su propiedad localizados en la Calle 5, Núms. F-12 y F-13 de la Urbanización María del Carmen, de dicho municipio, de residencial general (R-3) a comercial central (C-3).

Cuando se presentó la petición de rezonificación, el 13 de mayo de 1992, los solares se usaban para la venta de piezas de vehículos de motor, un salón de belleza, una heladería, una residencia y un taller de mecánica, y los usos propuestos en la petición eran esos mismos.

La parte aquí peticionaria, la Sra. Norma Negrón Santos y algunos vecinos, se opusieron a la petición. Otros vecinos la favorecieron. La aquí peticionaria alegó que el sector era residencial y carecía de estacionamientos.

La Junta, luego de celebrada una vista pública, denegó la rezonificación el 30 de diciembre de 1992. Hizo constar, sin embargo, que de surgir cambios sustanciales en las

condiciones de los solares o del sector, o de existir algún planteamiento adicional a los que ya habían sido considerados, se podría considerar de nuevo el caso si se sometía una nueva petición.

El 9 de julio de 1993 el señor Miranda Ocasio presentó una nueva petición ante la Junta para solicitar el cambio en la rezonificación anterior y añadir el solar F-11 a la petición.

La Junta celebró una nueva vista pública el 22 de septiembre de 1993. Varios vecinos, incluyendo a la aquí peticionaria, se opusieron.

Del expediente administrativo de la nueva petición[1] surgen cuarenta y nueve (49) firmas con nombres y direcciones de los vecinos, dentro de una extensión de sesenta (60) metros cuadrados de la residencia del señor Miranda Ocasio, que endosaron el cambio de zonificación. Surge también de dicho expediente que la rezonificación solicitada fue endosada por el Alcalde del Municipio de Corozal, Hon. Carlos Serra Vélez, por la Hon. Lysette Díaz Torres, Representante a la Cámara por el Distrito 28, y por el Centro Unido de Detallistas.

La Junta autorizó la solicitud de rezonificación el 18 de noviembre de 1993.

La señora Negrón Santos, aquí peticionaria, acudió en revisión ante el Tribunal Superior, Sala de San Juan. Dicho foro dictó una sentencia el 9 de marzo de 1994 que declaró no ha lugar el recurso. Por lo cual acude ante nos la peticionaria, señora Negrón Santos, mediante una petición de *certiorari*, para que revisemos dichas actuaciones.[2]

---

[1] Petición Núm. 93-40-0515-JPZ; Apéndice 7, pág. 94.

[2] La peticionaria señala los errores siguientes:

"PRIMERO: Actuó ilegalmente la Junta de Planificación cuando autorizó un cambio de zonificación en violación al Plan de Usos de Terrenos vigente para el Municipio de Corozal y en violación al Plano de Inscripción Final para el desarrollo residencial conocido como Urbanización María del Carmen.

"SEGUNDO: Erró en derecho la Junta de Planificación al aprobar rezonificación comercial de tres (3) solares sin la existencia de cambios sustanciales en el sector." Petición de *certiorari*, pág. 6.

## II

Es un principio jurisprudencial trillado que las conclusiones e interpretaciones de los organismos especializados merecen gran consideración y respeto, y su revisión se limita a determinar si la agencia actuó arbitraria o ilegalmente, o en forma tan irrazonable que su actuación constituye un abuso de discreción. *Murphy Bernabe v. Tribunal Superior*, 103 D.P.R. 692, 699 (1975).

Se presume la validez y corrección de la determinación de la Junta como organismo especializado, y a quien pretenda impugnarla le corresponde el peso de la prueba. *A.D.C.V.P. v. Tribunal Superior*, 101 D.P.R. 875, 880 (1974); *M & V Orthodontics v. Negdo. Seg. Empleo*, 115 D.P.R. 183, 188 (1984); *Srio. D.A.C.O. v. J. Condóminos C. Martí*, 121 D.P.R. 807, 819–820 (1988); *De Jesús v. Depto. Servicios Sociales*, 123 D.P.R. 407, 417–418 (1989); *Aut. de Puertos v. Mun. de San Juan*, 123 D.P.R. 496, 510–511 (1989).

En el caso *Luan Investment Corp. v. Román*, 125 D.P.R. 533 (1990), señalamos que, en lo que concierne al ejercicio del poder de la Junta para la reglamentación sobre la zonificación, la norma aplicable para intervenir con la actuación de la Junta es si ésta es arbitraria o caprichosa. En *Luan Investment Corp. v. Román*, supra, pág. 545, expresamos:

> El procedimiento para la adopción o enmienda a un mapa de zonificación es uno de naturaleza *cuasi legislativa* y no *cuasi adjudicativa*, pues contrario a la última, no adjudica una controversia sino que establece una reglamentación. Cabe recordar que en dicho procedimiento la Junta actúa en el ejercicio de un poder legislativo delegado. (Énfasis suplido y en el original.)

A la luz de los principios enunciados, entendemos que del expediente administrativo no hay fundamento suficiente para concluir, como concluye la mayoría, que la actuación de la Junta fue arbitraria y caprichosa. Veamos.

# III

De entrada debemos señalar que el Plano de Inscripción Final de la Urbanización María del Carmen, que establece el uso residencial para los solares Núms. F-11, F-12 y F-13, no puede coartar el derecho de la Junta a rezonificar terrenos, aparte de que según dicho plano la zona donde se ubican los solares en cuestión se define como Uso Urbano por Consulta (U.U.C.), lo que infiere que se permiten otros usos.[3]

Igualmente, en la página veintinueve (29) del Plan de Usos de Terrenos de Corozal se señala que las áreas identificadas como de usos urbanos por consulta (U.U.C.) pueden ser dedicadas para usos variados que se permiten de acuerdo con los méritos de los proyectos y a la compatibilidad de éstos con los usos existentes en las áreas próximas.

Los Planos de Usos de Terrenos sólo sirven de guía para la revisión y armonización de los Mapas de Zonificación con los usos recomendados en el Plan de Usos Propuestos. Los Mapas de Zonificación son los instrumentos que verdaderamente reflejan los cambios operacionales y dinámicos que se operan. Así lo aceptan las partes en este recurso.[4]

El Plan de Usos de Terrenos del Municipio de Corozal, aprobado el 27 de enero de 1983 (en adelante Plan de Usos de Terrenos), dispone en específico que éste "servir[á] de guía para la revisión y armonización de los Mapas de Zonificación con los usos recomendados en el Plan de Usos Propuestos".[5]

El Plan de Usos de Terrenos dispone, además, que "[a] fin de que los Planes de Usos de Terrenos sean suficientemente flexibles y dinámicos para que respondan a la pro-

---

[3] Apéndice 5, *Exhibit* 5, pág. 63.

[4] Ver Petición de *certiorari*, pág. 9, y Escrito en oposición a petición de *certiorari*, pág. 2.

[5] Apéndice 5, pág. 59.

pia dinámica de desarrollo del municipio de Corozal se podrán considerar cambios graduales en los usos de terrenos".[6]

El referido plan establece que los cambios serán para beneficio general de la comunidad y a tono con los méritos de cada petición de rezonificación en armonía con cinco (5) criterios, a saber: (1) cuando los cambios sigan o guíen el crecimiento y desarrollo ordenado del núcleo; (2) cuando los nuevos usos sean compatibles con los existentes en el área, en especial con los usos existentes en las propiedades colindantes; (3) cuando no incremente significativamente los problemas al tránsito vehicular y peatonal o constituya barreras físicas a los impedidos; (4) cuando no creen problemas sociales o efectos detrimentales al ambiente de las áreas inmediatas o próximas, y (6) cuando puedan cumplir con los requisitos sobre espacios de estacionamientos según las disposiciones del Reglamento de Zonificación.[7]

El Plan de Usos de Terrenos autoriza en específico que dentro de los límites del núcleo de expansión urbana —como en el caso de autos— se permitan los cambios de zonificación de Distrito R-3 a C-1.[8]

La peticionaria no aportó ante la Junta evidencia para probar que la concesión de la rezonificación no cumplía con los seis (6) criterios antes señalados.

Como señala la recurrida, en el caso que nos ocupa, el cambio de zonificación es compatible con los usos existentes en el área, y el negocio que es objeto de la solicitud está ubicado frente a un centro comercial que consta de catorce (14) locales comerciales; en la periferia del centro comercial operan negocios que ofrecen servicios comunitarios;[9] cuarenta y nueve (49) vecinos dentro del radio de los sesenta (60) metros cuadrados de la residencia del señor Mi-

---

[6] Íd.

[7] Íd.

[8] Íd., pág. 60.

[9] Apéndice 6, pág. 75.

randa Ocasio endosaron el cambio;[10] el Alcalde de Corozal endosó la rezonificación.[11] Además, la Representante a la Cámara por el Distrito 28 endosó la propuesta al indicar que en el solar de marras hay una estructura comercial que ha estado operando por alrededor de quince (15) años; que al lado sur del local está operando un centro comercial desde hace cinco (5) años; en el área oeste opera una fábrica de refrigeradores, y que estos locales no están a más de setenta y cinco (75) metros del negocio perteneciente al señor Miranda.[12]

Esta evidencia es más que suficiente para rebatir la conclusión de la mayoría de que la acción de la Junta fue arbitraria e irrazonable.

La mayoría cita la Sec. 4.06 del Reglamento de Zonificación de Puerto Rico (Reglamento de Planificación Núm. 4), Junta de Planificación, 16 de septiembre de 1992, pág. 47, la cual dispone, en lo pertinente, que "[c]uando se tratare de una solicitud de enmienda a una pertenencia para la cual la Junta había denegado anteriormente una solicitud similar, será necesario que el peticionario demuestre por escrito que ha habido cambios sustanciales en las condiciones del área o sector donde radica la petición de cambio, en comparación a las existentes cuando se tomó dicho acuerdo, que amerite que la Junta considere nuevamente la solicitud".

Esta es una exigencia que se aplica al solicitante. No podemos interpretar que dicho reglamento le impida a la Junta proceder a la rezonificación si entiende que la evidencia ante sí lo amerita, como lo hizo en el caso de autos, a la luz de sus facultades de enmendar los mapas de zonificación.

A esos efectos, la Sec. 4.04 del Reglamento de Zonificación de Puerto Rico, *supra*, pág. 45, dispone en específico:

---

[10] Apéndice 5, pág. 55.

[11] Apéndice 4, pág. 39.

[12] Apéndice 4, pág. 41.

... La Junta de Planificación preparará y adoptará los mapas de zonificación por iniciativa propia. También podrá considerar cambios a la zonificación de determinado sector o solar por petición de alguna persona, funcionario u organismo.

Es evidente el poder de la Junta de preparar y adoptar los mapas de zonificación por iniciativa propia, y este poder incluye enmendar dichos mapas tanto por iniciativa propia como a petición de alguna persona, funcionario u organismo.

Por consiguiente, la Junta podía reexaminar su propia determinación anterior y conceder, a la luz de la evidencia ante su consideración, la rezonificación solicitada. Su actuación no fue arbitraria y caprichosa, y no debemos intervenir en un caso como éste, en el cual se ejerce una facultad *cuasi legislativa*, con la determinación de la Junta. Disentimos.