# 2002 DTA 91

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE SAN JUAN
### PANEL IV

### ASOCIACION DE RESIDENTES A.R.P.R.I. COMPUESTA POR LAS URBANIZACIONES EL PILAR, VILLAS DEL PILAR, ROMANY PARK IBERIA Y LA ASOCIACION DE VECINOS DE JARDINES DE ROMANY, CALLE B, INC.
Recurrentes

v.

### JUNTA DE PLANIFICACION DE PUERTO RICO
Recurrida

Núm. KLRA-01-00731

San Juan, Puerto Rico, a 23 de abril de 2002

Panel integrado por su Presidente, Juez Gierbolini
y los Jueces Cordero y Rodríguez Muñiz

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La Asociación de Residentes A.R.P.R.I. nos solicita la revisión de la determinación de la Junta de Planificación que aprobó el cambio de zonificación del Mapa de Zonificación de Río Piedras de un Distrito Residencial 3 (R-3) a Comercial Liviano (CL) para el solar objeto de la Petición Número 99-17-0519-JPZ. Expedimos y confirmamos.

### I

El 7 de junio de 1999, el Dr. Ramón David Ferrán (en adelante Dr. Ferrán) gestionó ante la Junta de Planificación (en adelante la Junta) un cambio de zonificación de un solar de su propiedad localizado en la Calle Santa Rosa, Número 1 de la Urbanización Romany Gardens en Río Piedras. Su intención era cambiar la zonificación del referido solar de la categoría Distrito Residencial General (R-3) a una categoría de Comercial Liviano (CL) o a una categoría de Distrito Comercial Local (C-1).

Hasta el momento de la solicitud de rezonificación, el Dr. Ferrán llevaba trece (13) años operando en su

propiedad un consultorio médico con un permiso domiciliario otorgado por la Administración de Reglamentos y Permisos (ARPE). Surge del expediente que durante el año 1996, el Dr. Ferrán había solicitado el cambio de zonificación propuesto y la Junta había denegado su petición. ■ A pesar de ello, la Junta consignó en su comunicación que de surgir cambios sustanciales en las condiciones del solar o del sector, o de existir algún planteamiento adicional a los ya considerados, se podría considerar de nuevo el caso si se sometía una nueva petición al respecto. Esta nueva petición debía de justificarse adecuadamente en términos de los cambios sustanciales que hubieran ocurrido en el sector. ■

El 6 de octubre de 1999, la Junta realizó una vista pública para considerar la solicitud de rezonificación. La Asociación de Residentes A.R.P.R.I. (en adelante A.R.P.R.I.), compareció a dicha vista y posteriormente presentó ante la Junta sus comentarios en oposición al cambio de zonificación. En esencia, A.R.P.R.I. alegó que el Dr. Ferrán no había demostrado los cambios sustanciales en las condiciones del sector a que hace referencia la carta de denegación citada. El 6 de marzo de 2000, la Junta notificó al Dr. Ferrán que había aprobado la rezonificación solicitada. Inconforme, el 2 de mayo de 2000, A.R.P.R.I. presentó ante este Tribunal un recurso de revisión administrativa, *Asociación de Residentes A.R.P.R.I., Inc., et als. v. Junta de Planificación*, KLRA-00-00312. En dicho recurso, A.R.P.R.I. señaló que la Junta erró al aprobar la enmienda aun cuando no se demostró que hubiera cambios sustanciales en las condiciones del área y al aprobar un cambio de zonificación en una zona aislada o *"spot zoning"*. El 6 de julio de 2000, la Junta presentó Moción de Desestimación. En la misma, la Junta alegó que debido a la falta de publicación de la enmienda aprobada, la misma no estaba vigente, por lo que el recurso de revisión era prematuro. El 29 de septiembre de 2000, notificada el 5 de octubre de 2000, este Tribunal emitió Sentencia mediante la cual concluyó que el recurso presentado era prematuro debido a que la enmienda no estaba vigente y revocó la determinación de la Junta que autorizaba la continuación de los procedimientos ante la Administración de Reglamentos y Permisos, previo a la vigencia del Mapa de Zonificación, enmendado. Para garantizar el derecho a revisión judicial de A.R.P.R.I., este Tribunal ordenó a la Junta que notificara a éstos, una vez se cumpliera con la publicación del edicto que dispone el artículo 28 de la Ley Orgánica de la Junta de Planificación, Ley Núm. 75 de 24 de junio de 1975, 23 L.P.R.A. sec. 63.

Así las cosas, el 1 de octubre de 2001, la Junta publicó en el periódico *"El Nuevo Día"* un Aviso sobre Aprobación y Adopción de Enmiendas a los Mapas de Zonificación de varios municipios de la Isla, entre los que se encontraba el Municipio de San Juan, Sección de Río Piedras. El 14 de noviembre de 2001, A.R.P.R.I. presentó ante nos el recurso de revisión administrativa de epígrafe y alegó que: (1) la Junta erró al aprobar la petición sometida, a pesar de que el Dr. Ferrán no cumplió con el Reglamento de Zonificación de Puerto Rico Número 4 (en adelante Reglamento de Zonificación), toda vez que no se justificó por escrito que hayan ocurrido cambios sustanciales a las condiciones del área; y (2) al aprobar el cambio de zonificación que constituye zonificación aislada (*"spot zoning"*).

El 28 de febrero de 2002, la Junta presentó su *"Escrito en Oposición a Solicitud de Revisión Administrativa"*. Resolvemos.

## II
En nuestra jurisdicción, los tribunales apelativos conceden gran consideración y deferencia a las decisiones administrativas debido a la vasta experiencia y conocimiento especializado de las agencias. *Rivera Concepción v. Administración de Reglamentos y Permisos,* \_\_\_D.P.R.\_\_\_ (2000), **2000 J.T.S. 155,** a la pág. 160; *Assoc. Ins. Agencies, Inc. v. Com. de Seguros,* 144 D.P.R. 425, 436 (1997); *Misión Ind. v. J.P. y A.A.A.,* 142 D.P.R. 656, 672-673 (1997); *Metropolitana, S.E. v. A.R.P.E.,* 138 D.P.R. 200, 213 (1995); *Viajes Gallardo v. Clavell,* 131 D.P.R. 275, 289-290 (1992); *Murphy Bernabé v. Tribunal Superior,* 103 D.P.R. 692, 699 (1975).

La revisión judicial es limitada. Sólo determina si la la actuación administrativa fue una razonable y cónsona con el propósito legislativo o si por el contrario fue irrazonable, ilegal o medió abuso de discreción. *Municipio de San Juan v. Junta de Calidad Ambiental,* \_\_\_D.P.R.\_\_\_ (1999), **99 J.T.S. 152,** a la pág. 125; *T-*

*JAC, Inc. v. Caguas Centrum Limited Partnership, S.E.,* ___D.P.R.___ (1999), **99 J.T.S. 60**, a la pág. 884; *Comité de Vecinos Pro-Mejoramiento, Inc. v. Junta de Planificación,* ___D.P.R.___ (1999), **99 J.T.S. 32**, a la pág. 732; *Fuertes y otros v. A.R.P.E.,* 134 D.P.R. 947, 953 (1993).

La sección 4.5 de la Ley de Procedimiento Administrativo Uniforme delimita el alcance de la revisión judicial de las decisiones administrativas al establecer que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal si se basan en evidencia sustancial que obre en el expediente administrativo. *Municipio de San Juan v. Junta de Calidad Ambiental,* ___D.P.R.___ (2000), **2000 J.T.S. 193**, a la pág. 474; *Asociación de Vecinos del Hospital San Jorge v. United Medical Corporation y Gerónimo Partnership, Etc.,* ___D.P.R.___ (2000), **2000 J.T.S. 21**, a las págs. 560-561; *Domínguez Talavera v. Caguas Expressway Motors, Inc.,* ___D.P.R.___ (1999), **99 J.T.S. 85**, a las págs. 1067-1068; *T-JAC, Inc. v. Caguas Centrum Limited Partnership, S.E., supra,* a la pág. 884; *García Oyola v. J.C.A.,* 142 D.P.R. 532, 540 (1997); *Fac. C. Soc. Aplicadas, Inc. v. C.E.S.,* 133 D.P.R. 521, 532-533 (1993). Las cuestiones de derecho que no involucren interpretaciones efectuadas dentro del ámbito de especialización de la agencia son revisables en toda su extensión. 3 L.P.R.A. sec. 2175; *PRTC v. Junta,* ___D.P.R.___ (2000), **2000 J.T.S. 98**, a la pág. 1266; 3 L.P. R.A. sec. 2175. Ahora bien, se le debe dar deferencia a las conclusiones de derecho emitida por las agencias, siempre y cuando las mismas estén sujetas al mandato de la ley. *De Jesús v. Departamento de Servicios Sociales,* 123 D.P.R. 407, 417-418 (1989).

### III

La Junta de Planificación fue creada por ley con el objetivo principal de guiar el desarrollo integral y balanceado de Puerto Rico, 23 L.P.R.A. sec. 62 (c). Para viabilizar esa importante función, la Asamblea Legislativa le confirió amplios poderes para clasificar y designar los terrenos en zonas y distritos, así como para establecer las normas que guiarán su uso y desarrollo, *Arenas Procesadas, Inc. v. E.L.A.,* 132 D.P.R. 593, 608 (1993); *Luán Investment Corp. v. Román,* 125 D.P.R. 533, 543 (1990). Los reglamentos y mapas de zonificación aprobados con ese fin pretenden promover el uso más eficaz del limitado recurso tierra, de forma que se promueva el desarrollo urbano de una manera ordenada y lógica, con el menor impacto adverso posible sobre el ecosistema. *Asociación de Residentes de Park Side v. Junta de Planificación de Puerto Rico,* ___D.P. R.___ (1998), **98 J.T.S. 156**, a la pág. 380. La Junta de Planificación tiene la encomienda de velar por la adecuada utilización de nuestros terrenos y recursos naturales. *Municipio de San Juan v. Junta de Calidad Ambiental,* ___D.P.R.___ (2000), **2000 J.T.S. 193**, a la pág. 479.

De conformidad con los poderes delegados, la Junta elaboró el Reglamento de Zonificación. Dicho reglamento crea varios tipos de distritos de zonificación, tales como residenciales, comerciales, industriales, agrícolas y para uso público, entre otros. ■ Además, provee una descripción de los propósitos de cada uno de estos tipos de distritos y sus diversas variantes y define sus posibles usos. A través de este proceso, la Junta establece normas específicas sobre el uso de los terrenos y sobre las obras o estructuras que pueden ser construidas en ellos, de forma que se viabilice un desarrollo balanceado que, a su vez, garantice la salud y seguridad pública y la mejor convivencia humana. *Asociación de Residentes de Park Side v. Junta de Planificación de Puerto Rico, supra,* a la pág. 380.

La Junta fue facultada también para considerar y atender las solicitudes de enmienda a los mapas de zonificación. A tenor con esto, la Junta puede considerar cambios a la zonificación de algún sector o solar en específico por petición de alguna persona, funcionario u organismo. Sección 4.04 del Reglamento de Zonificación; *Montoto Pratts v. Pelayo Lorie,* ___D.P.R.___ (1998), **98 J.T.S. 25**, a la pág. 660. Esta autoridad que ostenta la Junta para zonificar y rezonificar forma parte del poder de reglamentación que le fuera delegado por la Legislatura, lo cual convierte tales funciones en actos de naturaleza cuasi legislativa, ya que no adjudican una controversia, sino que establecen una reglamentación, 23 L.P.R.A. sec. 63 (d); *Asociación de Residentes de Park Side v. Junta de Planificación de Puerto Rico, supra,* a la pág. 380; *T-JAC, Inc. (Wal-Mart Caguas) v. Caguas Centrum Limited Partnership, S.E.; Manley Berenson Associates Puerto Rico,* ___D.P.R.___ (1999),

**99 J.T.S. 60**, a la pág. 889; *Luán Investment Corp. v. Román, supra*, a la pág. 545.

El poder de reglamentación otorgado a la Junta le permite ejercer un amplio margen de discreción en la consecución de su política pública sobre zonificación. Por ello, cada vez que se le solicita un cambio de zonificación y se cumpla con los requisitos de ley, quedará a discreción de la Junta conceder o denegar el cambio solicitado, *Negrón v. Junta de Planificación,* 139 D.P.R. 191, 195 (1995). Pero ello no significa que tal discreción sea absoluta o ilimitada ni que esté al margen de la revisión judicial.█

Cuando la Junta ha denegado una petición de rezonificación, pero se solicita nuevamente un cambio en la zonificación del mismo predio, el solicitante debe demostrar que han ocurrido cambios en el área circundante al solar que ameriten una nueva zonificación. La determinación de la existencia de estos cambios es un criterio de mucho peso e importancia. La Junta debe seguir este análisis para evitar que los dueños de las propiedades cercanas se afecten directamente por el deseo personal de otro vecino. Por ello, dicha agencia exige que todo proponente de una solicitud de esta naturaleza demuestre por escrito que ha habido cambios sustanciales en las condiciones del área o sector donde radica la petición de cambio, en comparación a las existentes cuando se tomó dicho acuerdo, que amerite que la Junta considere nuevamente la solicitud. De no demostrarse los cambios en las condiciones, la Junta podrá actuar sobre la solicitud, denegándola sin que sea objeto de una nueva vista pública. Aunque el Estado debe salvaguardar las zonificaciones existentes, si la Junta de Planificación estima que las circunstancias de cierta zona han cambiado, puede permitir una enmienda al mapa de zonificación. *Montoto Pratts v. Pelayo Lorie, supra,* a la pág. 661.█

## IV

En el presente caso, se aprobó el cambio de clasificación de los solares de un Distrito Residencial General (R-3) a un Distrito Comercial Liviano (CL).

Cuando la Junta clasifica un solar bajo una categoría de Distrito Residencial General (R-3), dicho predio está localizado en un área de densidad poblacional intermedia, Sección 13.01 del Reglamento de Zonificación. El mismo se refiere a *"áreas residenciales desarrolladas o que puedan desarrollarse y en donde se permitirán diferentes tipos de viviendas en solares de trescientos (300) metros cuadrados o más". Id.* Al aprobarse una categoría de Distrito Comercial Liviano (CL), la Junta ha concluido que la zona es propicia para fomentar el crecimiento de *"áreas comerciales existentes o para crear nuevas áreas comerciales cuya operación resulta de baja intensidad y tolerable para el vencindario",* Sección 20.01 del Reglamento de Zonificación.

Por eso, quien solicita el cambio de la zonificación existente, en este caso el Dr. Ferrán, tiene que demostrar a la Junta qué cambios ha sufrido el área circundante al solar en cuestión que amerite un cambio en la zonificación del mismo. Esta es la única forma en que la Junta podría aprobar una enmienda al mapa de zonificación.

En el escrito que el Dr. Ferrán presentara ante la Junta, éste señaló que las siguientes razones motivaban su solicitud de cambio de zonificación:

*"1. Soy cirujano dentista de profesión y llevo más de trece años operando con un permiso domiciliario otorgado por la oficina de Reglamentos y Permisos de Puerto Rico (ARPE) en este lugar.*

*2. Que las citas emitidas para los pacientes que nos visitan se realizan por cita previa y espaciadas en intervalos de tiempo razonables. Además, dentro de mi propiedad proveo suficientes estacionamientos a los pacientes que nos visitan.*

*3. En cuanto a la ejecución de nuestro trabajo, la oficina provee un servicio necesario y razonable la cual no representa ni crea ningún problema a la comunidad que le sirve.*

*4. Que he diseñado la expresión arquitectónica de las fachadas del edificio de tal manera (que) se logre un balance armonioso e integre perfectamente al ambiente residencial y comercial prevaleciente en el área, minimizando su impacto en el lugar que se encuentra.*

*5. El área en que se ubica mi edificio es un 90% aproximadamente zonificado en la actualidad comercial C-1.*

*6. Mi práctica dental cumple con el pago y está al día del patente municipal comercial; inclusive, desde el 1998, el gobierno municipal aumentó el interés de contribuciones sobre la propiedad como si la misma fuese un comercio zonificado en área C-1, que actualmente no posee.*

*7. El edificio que actualmente ocupo tiene los endosos correspondientes del Departamento de Bomberos y su Negociado de Prevención de Incendios y el Departamento de Salud.*

*8. Actualmente, el pago de energía eléctrica, agua, alcantarillados y teléfono es de tarifa comercial.*

*La razón prevaleciente de este servidor en solicitar a la honorable Junta de Planificación de Puerto Rico en ser considerado favorablemente para el cambio de zonificación, es poder llevar el ejercicio de mi profesión como cirujano dentista plenamente, ya que actualmente me veo limitado en la práctica por solamente poseer un permiso domiciliario como mencione anteriormente."* ■

En su solicitud, el Dr. Ferrán hace hincapié en que el área donde tiene ubicada su oficina es 90% Comercial C-1, que paga contribuciones como si su propiedad estuviese zonificada Comercial C-1 y que paga tarifa comercial por los servicios básicos (agua, luz y teléfono). A.R.P.R.I. no ha refutado lo dicho en la solicitud. Aún más, de existir una falta en la solicitud, el segmento del Mapa de Zonificación de San Juan, Sección Río Piedras, que forma parte del expediente administrativo, suple las deficiencias en la petición presentada por el Dr. Ferrán. El mismo ilustra el comportamiento, predominantemente comercial, del sector en que ubica el solar objeto del cambio de zonificación en controversia. Por tanto, la Junta tuvo ocasión para ponderar el asunto.

## V

A.R.P.R.I. nos planteó que el cambio de zonificación aprobado constituye una zonificación aislada o *"spot zoning"*.

El término rezonificación aislada o *"spot zoning"* es una enmienda a una zonificación que no es cónsona con los principios o esquemas generales de planificación. De ordinario, se trata de enmiendas que son el resultado de esfuerzos encaminados a favorecer intereses particulares sin brindarle la debida atención a los derechos de los propietarios de solares adyacentes y al bienestar general de la comunidad. Por considerarse como la antítesis de la zonificación ordenada, los tribunales no favorecen la zonificación aislada. *Asociación de Residentes de Park Side v. Junta de Planificación de Puerto Rico, supra,* a la pág. 383.

La rezonificación aislada, por definición, no guarda relación alguna con la salud, seguridad o bienestar general de la ciudadanía. Se trata de una actuación contraria a los mejores intereses de la comunidad que se aparta de los planes de desarrollo de un área geográfica. La rezonificación aislada crea un *"efecto de dominó"* ante la posibilidad de que un solar o propiedad tenga que ser rezonificado por el hecho de que una propiedad o solar adyacente ya lo fue. De ahí que la zonificación aislada sea la antítesis de la planificación ordenada, pues dramatiza los peligros que acarrea para la planificación ordenada de los recursos de terrenos. *Asociación de Residentes de Park Side v. Junta de Planificación de Puerto Rico, supra,* a la pág. 383.

Bajo el ordenamiento de zonificación de Puerto Rico, ocurre una rezonificación aislada o *"spot zoning"* cuando un mapa de zonificación es enmendado mediante la rezonificación de uno o varios solares o lotes

autorizando en ellos un uso diferente al establecido originalmente que resulta incongruente o carente de armonía con los usos de los terrenos de las áreas adyacentes. Esta incongruencia, de ordinario, beneficia a un grupo reducido de propietarios en perjuicio de los mejores intereses de la comunidad. *Asociación de Residentes de Park Side v. Junta de Planificación de Puerto Rico, supra*, a la pág. 383.

Sin embargo, no toda rezonificación de un solar o propiedad que pudiera apartarse de los usos que han prevalecido en un área constituye una rezonificación aislada y, por tanto, una actuación inválida. Para hacer esta determinación es necesario examinar las características precisas del área rezonificada a la luz del ordenamiento que rige en materia de zonificación y examinar si la rezonificación es arbitraria o caprichosa por apartarse significativamente de los usos prevalecientes en el área, afectando adversamente los mejores intereses de la comunidad. *Asociación de Residentes de Park Side v. Junta de Planificación de Puerto Rico, supra*, a la pág. 383.

Al examinar si una rezonificación constituye una zonificación aislada o *"spot zoning"* es inválida, los tribunales deben considerar varios criterios: (1) si el uso permitido por la rezonificación es muy diferente al uso prevaleciente en el área, esto es, si la rezonificación crea un uso incompatible en un área, (2) si el cambio autorizado a un tipo de distrito menos restrictivo no fue realizado para el beneficio de la comunidad, sino simplemente, para favorecer a una persona o desarrollador en particular o, en la alternativa, para relevar a un pequeño sector de las restricciones que generalmente aplican a toda el área, (3) si el área involucrada en la rezonificación es particularmente pequeña, por ejemplo, si involucra sólo un lote o muy pocos, lo que crea escepticismo judicial. *Asociación de Residentes de Park Side v. Junta de Planificación de Puerto Rico, supra*, a la pág. 383-384.

La determinación judicial de la validez de una rezonificación por razón de constituir una zonificación aislada o *"spot zoning"*, debe hacerse caso a caso examinando las particularidades de la zona en cuestión y los Planes de Usos de Terrenos desarrollados para el área, con miras a determinar si la rezonificación es contraria al ordenamiento jurídico de zonificación. *Asociación de Residentes de Park Side v. Junta de Planificación de Puerto Rico, supra*, a la pág. 384.

## VI

Del segmento del Mapa de Zonificación, observamos que en el lado opuesto al solar sobre el cual versa la solicitud de cambio de zonificación ubica un solar con una categoría de Distrito Comercial de Servicios Vecinales (C-6). Este distrito se establece para clasificar las facilidades comerciales desarrolladas conforme a los requerimientos del Reglamento sobre Lotificación y Urbanizaciones (Reglamento de Planificación Núm. 3). ■ Además, la mayoría de los solares ubicados a lo largo de la Avenida Quebrada Arenas están zonificados como Distrito Comercial Local (C-1). Este distrito se establece para clasificar áreas comerciales o para crear nuevas áreas que suplan las necesidades diarias de las personas que residen en el vecindario. ■

Aunque algunos solares adyacentes al predio objeto de la solicitud tienen una zonificación de Distrito Residencial 3 (R-3), una vista más amplia de la zona circundante al solar objeto de la solicitud nos demuestra que el área es predominantemente comercial. Esto es, existen solares zonificados Distrito Comercial de Servicios Vecinales (C-6) y Distrito Comercial Local (C-1). El mapa de zonificación nos muestra que la zona objeto del cambio es propicia para seguir fomentando el crecimiento de las áreas comerciales existentes o para crear nuevas áreas comerciales cuya operación resulta de baja intensidad y tolerable para el vecindario. Por ello, el aprobar una zonificación de Distrito Comercial Liviano (CL), no resulta una determinación incongruente o carente de armonía con los usos de los terrenos de las áreas adyacentes. En consecuencia, contrario a lo alegado por A.R.P.R.I., concluimos que el cambio de zonificación no constituyó una rezonificación aislada o *"spot zoning"*. Por lo tanto, la determinación de la Junta fue una razonable y cónsona con los usos prevalecientes en el área.

## VII

Por los fundamentos que anteceden, se expide el auto de revisión y se confirma la determinación de la Junta de Planificación.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 2002 DTA 91

**1.** Mediante carta con fecha de 26 de marzo de 1997, la Junta notificó su denegatoria, página 8 del Apéndice del Recurso de Revisión Administrativa.

**2.** Página 8 del Apéndice de la Solicitud del Recurso de Revisión Administrativa.

**3.** La zonificación constituye el mecanismo mediante el cual se establecerán o fijarán los usos adecuados para todos los terrenos del país. Reglamento de Zonificación, secs. 1.00-1.03. Es un instrumento para clasificar y designar terrenos en zonas y distritos y se establecen, para cada zona y distrito, las normas esenciales sobre cómo y dónde deben ubicarse las múltiples actividades sociales y económicas de Puerto Rico y disposiciones específicas sobre el uso o propósito de los terrenos, y las obras y estructuras a permitirse; Reglamento de Zonificación, sec. 2.

**4.** La Ley Orgánica de la Junta de Planificación contempla la revisión judicial de las actuaciones de la Junta, 23 L.P.R.A. sec. 63 (d). Por tanto, aunque sus actuaciones poseen una presunción de validez y regularidad, compete a los tribunales examinar, en última instancia, la validez jurídica de las actuaciones de la Junta. Al amparo de dicha disposición, se ha resuelto que como medida fiscalizadora los tribunales deberán evaluar: (1) si la actuación administrativa está autorizada por ley; (2) si se delegó el poder de reglamentación; (3) si la reglamentación promulgada está dentro de los poderes delegados; (4) si al aprobarse la reglamentación se cumplió con las normas procesales; y (5) si la reglamentación es arbitraria o caprichosa. Compete a la parte que impugna la determinación de la Junta demostrar la invalidez de la actuación administrativa. *Asociación de Residentes de Park Side v. Junta de Planificación de Puerto Rico, supra,* a la pág. 381; *Negrón v. Junta de Planificación, supra,* a la pág. 196; *Luán Investment Corp. v. Román, supra,* a la pág. 550. Aunque la revisión judicial de decisiones de la Junta de Planificación se limita exclusivamente a cuestiones de derecho, tanto la apreciación arbitraria de la prueba por parte del foro administrativo, como la determinación de si las conclusiones de hechos que sirven de base a la decisión están sostenidas por evidencia sustancial, constituyen una cuestión de derecho. *Misión Industrial de Puerto Rico v. Junta de Planificación y A.A.A.,* ___D.P.R.___ (1998), **98 J.T.S. 79,** a las págs. 1161-1162.

**5.** La sección 4.06 del Reglamento de Zonificación es invocable solamente cuando la Junta de Planificación deniega previamente una solicitud de rezonificación respecto a un solar o propiedad y posteriormente se presenta una solicitud de rezonificación similar respecto a esa misma propiedad. *Asociación de Residentes de Park Side v. Junta de Planificación de Puerto Rico, supra,* a las págs. 387-388.

**6.** Página 43 del Apéndice del Recurso de Revisión Administrativa.

**7.** Véase la sección 26 del Reglamento de Zonificación.

**8.** Véase la sección 21 del Reglamento de Zonificación.