EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José O. Ortiz y Gómez y otros<br>        Peticionarios<br><br>                    v.<br><br>Junta de Planificación de P.R.<br>      Recurrida<br>_____<br>Richard Clairborne Durham<br>        Recurrido<br><br>                    v.<br><br>Junta de Planificación de P.R.<br>      Peticionaria<br><br>Sr. José Ortiz y Gómez y otros | Certiorari<br><br>2000 TSPR 139 |

Número del Caso: CC-1997-0110 y CC-1997-0119

Fecha: 26/09/2000

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Andrés E. Salas Soler

Abogados de José Orlando Ortiz:

                        Lcdo. Daniel Martínez Oquendo
                        Lcdo. José R. Gómez Alegría

Abogadas de la Junta de Planificación:

                        Lcda. Gloria M. Soto Burgos
                        Lcda. Everlidys Rodríguez Pacheco

Abogado de Richard Clairborne Durham:

                        Lcdo. Orlando Martínez Sotomayor

Materia: Revisión de Decisión de Agencia Administrativa

        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN El TRIBUNAL SUPREMO DE PUERTO RICO

José O. Ortiz y Gómez y otros

    Demandantes peticionarios

           v.                            CC-97-110

Junta de Planificación de P.R.

    Demandada recurrida

Richard Clairborne Durham

    Demandante recurrido

           v.                            CC-97-119

Junta de Planificación de P.R.

    Demandada peticionaria

Sr. José Ortiz y Gómez y otros

Opinión del Tribunal emitida por la Juez Asociada señora Naveira de Rodón.

San Juan, Puerto Rico a 26 de septiembre de 2000

Hoy nos toca decidir si a una consulta de ubicación para un desarrollo residencial extenso que se intenta llevar a cabo en una finca de más de diez (10) cuerdas ubicada en un Distrito R-O, le es de aplicación las Secs. 4.05 y 4.06 del Reglamento de Zonificación de Puerto Rico o las Secs. 95.00, 97.00 y 97.02 de dicho Reglamento. De ser de aplicación estas últimas secciones, debemos determinar si al amparo de la Sec. 97.02(3) es mandatorio que la Junta de Planificación de Puerto Rico celebre una vista pública con notificación a los dueños de terrenos circundantes y, a tenor con el Reglamento para Procedimientos Adjudicativos de la Junta de Planificación, sec. 8.01, publique un aviso de prensa en un periódico de circulación general en Puerto Rico.

Estamos ante dos (2) recursos consolidados, uno presentado por la Junta de Planificación de Puerto Rico (Junta) y otro por Gómez, Piñero & Asociados y el Sr. José Orlando Ortiz. Ortiz v. Clairborne Durham, CC-97-110; Clairborne Durham v. Junta, CC-97-119. En ambos se solicita que revoquemos una sentencia emitida por el Tribunal de Circuito de Apelaciones (Tribunal de Circuito), el 14 de enero de 1997. Con el propósito de evaluar dichos recursos le concedimos un término a las partes para que se expresaran. Con el beneficio de sus comparecencias procedemos a resolver.

A continuación exponemos un breve resumen de los hechos pertinentes.

El 21 de diciembre de 1994 la firma Gómez, Piñero y Asociados presentó ante la Junta, una consulta de ubicación para un proyecto residencial multifamiliar de doscientas ochenta y cuatro (284) unidades de vivienda, distribuidas en once (11) edificios multipisos.[1]

El proyecto se llevaría a cabo en dos (2) fincas, una con cabida de 6.54 cuerdas y la otra con cabida de 10.71 cuerdas. Ambas están localizadas en la Carretera Estatal Núm. 845, Km. 1.00, en el Barrio Sabana Llana del Municipio de San Juan. Consulta Núm. 94-17-1336 (Consulta). Los terrenos son propiedad del Sr. José Orlando Ortiz y están comprendidos dentro de un Distrito R-O, según el Mapa de Zonificación vigente para San Juan. El 8 de junio de 1995 la Junta aprobó la Consulta, la Resolución fue archivada en autos y notificada a las partes el 24 de julio de 1995. En ésta se hizo constar que se utilizarían los parámetros de diseño conformes a un Distrito R-3. Por no ser parte en el procedimiento de Consulta, al Sr. Richard Clairborne Durham, quien es dueño de una finca que queda rodeada por la finca con cabida de 6.54 cuerdas del señor Ortiz, no se le notificó esta Resolución.

El 9 de agosto de 1995, el señor Clairborne Durham compareció ante la Junta y pidió la reconsideración.[2] Mediante Resolución de 29 de septiembre, notificada a las partes el 17 de octubre de 1995, la Junta denegó la reconsideración.[3] Esta Resolución tampoco le fue notificada al señor Clairborne Durham. No obstante, éste se enteró del dictamen y volvió a solicitar reconsideración el 27 de octubre.

El 10 de noviembre de 1995 la Junta denegó la reconsideración. Esta Resolución fue archivada en autos y notificada el 1 de diciembre. Esta vez se le notificó la Resolución al señor Clairborne Durham.

Inconforme con esta determinación, el 2 de enero de 1996, el señor Clairborne Durham presentó un recurso de revisión ante el Tribunal de Primera Instancia, Sala Superior de San Juan. A tenor con el Art. 9.004 de la Ley Núm. 248 de 25 de diciembre de 1995, dicho recurso fue referido, mediante Orden Administrativa de 19 de junio de 1996, al Tribunal de Circuito de Apelaciones (Tribunal de Circuito). En su recurso de revisión alegó: que era dueño de una finca que colinda con los predios en los que se pretende construir el antes mencionado proyecto; que estos terrenos están localizados en un área zonificada como Distrito Residencial R-O[4]; y que el proyecto excede por mucho la densidad poblacional

---

[1]    Mediante Resolución de 12 de agosto de 1996, la Junta aprobó una enmienda a la consulta de ubicación autorizando la construcción de "solamente nueve (9) estructuras con una altura máxima una de ellas de once pisos."

[2]    El señor Clairborne Durham alegó que se enteró del proyecto porque el señor Ortiz informalmente le indicó de la Consulta y su aprobación. Entonces él inmediatamente solicitó la reconsideración ante la Junta.

[3]    La Junta determinó que el señor Clairborne Durham solicitó la reconsideración en comunicación de 9 de agosto de 1995. Sin embargo, ésta no se recibió en la Junta hasta el 15 de agosto, por lo que se presentó fuera del término establecido por ley. Véase, Sec. 3.15 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. secs. 2101 et seq.

[4]    La Sec. 10.01 del Reglamento de Zonificación dispone, en lo aquí pertinente, que:

permitida por la zonificación existente.  Argumentó que por tratarse de una solicitud de variación, tanto el proponente como la Junta tenían que haberle notificado la solicitud de cambio de zonificación, ya que él era un colindante dentro de la distancia radial de sesenta (60) metros del área de la propuesta rezonificación.

Luego de haber analizado el planteamiento de todas las partes el Tribunal de Circuito dictó una sentencia mediante la cual revocó la determinación de la Junta.  Entendió que el proyecto de desarrollo que se pretendía conllevaba un cambio de Zonificación y, por lo tanto, era de aplicación la Sec. 4.06, del Reglamento de Zonificación de Puerto Rico, Reglamento de Planificación Núm. 4, de 16 de septiembre de 1995 (Reglamento de Zonificación), que requiere notificación a los colindantes.  Le ordenó a la Junta notificar a los colindantes y cumplir con la Sec. 4.06 del Reglamento de Zonificación.

Inconforme con esta determinación tanto la Junta como el señor Ortiz presentaron peticiones de certiorari ante este Tribunal.  En su recurso el señor Ortiz planteó que el Tribunal de Circuito erró al resolver que en los casos de desarrollo extenso que se tramitan a tenor con lo dispuesto en la Sec. 97 del Reglamento de Zonificación, que conlleven la eventual rezonificación del predio, es de aplicación lo dispuesto en la Sec. 4.06 de dicho Reglamento.  También planteó que dicho tribunal erró al asumir jurisdicción, ya que, la moción de reconsideración del señor Clairborne Durham ante la Junta fue presentada fuera del término establecido por ley.

De otra parte, la Junta alegó en su recurso que el Tribunal de Circuito erró al concluir que el proyecto de desarrollo extenso requería un cambio de zonificación porque se variaba ampliamente la utilización de los espacios.  Alegó, además, que dicho tribunal erró al determinar que se requería notificación a los colindantes por imperativo del debido proceso de ley o permitir su intervención, por tratarse de un caso en que se pretende establecer una zona residencial de alta densidad en un Distrito R-O.

II

Constitucionalmente hemos reconocido la importancia que para el Pueblo representa la ordenada y adecuada utilización de nuestros escasos terrenos y recursos naturales. Véase Art. VI, Secs. 14 y 19, Const. E.L.A., L.P.R.A. Tomo 1.  La Junta es la agencia administrativa

---

Este distrito especial de baja densidad poblacional, con un solar mínimo de ocho mil (8,000) metros cuadrados, se establece para facilitar el control de la expansión o crecimiento urbano; proteger la utilidad de las vías arteriales; proteger áreas que requieran la preservación de su flora y fauna por su importancia económica, ecológica o científica; y proteger el disfrute y preservación de recursos de interés público tales como rasgos topográficos, bosques, arboledas, paisajes, formaciones geológicas, manantiales, quebradas, ríos, lagos, lagunas, fuentes naturales de agua mangles, yacimientos minerales o playas.

a quien se le ha encomendado la ingente labor de velar por la adecuada utilización de nuestros terrenos, preparando y adoptando Planes de Uso de Terrenos y Mapas de Zonificación. Éstos representan la forma visual y práctica que tiene la Junta "para llevar a cabo sus funciones dentro de una sociedad y un gobierno cada vez más complejos, un sistema abierto que confronta innumerables presiones como resultado de necesidades y aspiraciones conflictivas y que experimenta cambios sociales acelerados dentro de su escala reducida, escasez de terreno y recursos naturales, alta densidad poblacional y un ecosistema frágil." Luan investment Corp. v Román, 125 D.P.R. 533, 547 (1990).

En la Introducción del Reglamento de Zonificación se expresa que:

> [m]ediante la zonificación se establecen las normas esenciales sobre cómo y donde deben ubicarse las múltiples actividades sociales y económicas de Puerto Rico. A través de este proceso se clasifican los terrenos en zonas y distritos y se establecen para cada uno disposiciones específicas sobre el uso de los terrenos y sobre las obras y estructuras a permitirse.[5]

Reconociendo la necesidad de armonizar el deber del Gobierno de garantizar una adecuada utilización de los terrenos en Puerto Rico con el derecho de los ciudadanos al disfrute de su propiedad privada en una sociedad democrática, el Art. 23(a) de la Ley Núm. 75 de 24 de junio de 1975, según enmendada, 23 L.P.R.A. sec. 62v(a), específicamente dispone "que es política pública del Estado Libre Asociado de Puerto Rico fomentar la participación de la ciudadanía en el proceso de planificación de Puerto Rico." A estos fines le impone a la Junta el deber de proveer "a la ciudadanía de toda aquella información necesaria que coloque a todo ciudadano en una posición de igualdad para su participación efectiva en los procesos de planificación."

Con relación al uso de terreno, y precisamente para armonizar los derechos de propiedad de los ciudadanos y el poder de reglamentación del Estado, el Art. 14 de la Ley Núm 75, supra, 23 L.P.R.A. sec. 62m, específicamente establece que "[t]oda obra o proyecto a ser realizado por cualquier persona o entidad deberá estar de acuerdo con las recomendaciones de los Planes de Usos de Terrenos", según éstos aparecen en el Reglamento y los Mapas de Zonificación. En Montoto v. Lorie, Op. de 11 de marzo de 1998, 145 D.P.R.___ (1998), 98 JTS 25 a la pág. 661, reconocimos, dentro del contexto de una solicitud de rezonificación que, en lo posible, "[n]uestra realidad social obliga al Estado a salvaguardar la zonificación existente." Esta norma de derecho le provee al ciudadano la seguridad de que no se harán cambios que afecten su derecho propietario a sus espaldas, sin su conocimiento y sin brindarle la oportunidad de exponer su opinión sobre el cambio propuesto.

Una consulta de ubicación es un procedimiento que se lleva a cabo ante la Junta "para que ésta evalúe, pase juicio y tome la determinación que estime pertinente sobre propuestos

---

[5] El Reglamento de la Junta es el instrumento que se utiliza "para clasificar y designar terrenos en zonas y distritos y la aplicación en cada zona o distrito de normas sobre el uso de terrenos y sobre las obras y estructuras a permitirse." Sec. 2.01 del Reglamento.

usos de terrenos que no son permitidos ministerialmente por la reglamentación aplicable en áreas zonificadas pero que las disposiciones reglamentarias proveen para que se consideren.  Esta consulta se identifica como pública o privada dependiendo de quién la origine e incluye los proyectos de desarrollo extenso a considerarse bajo las disposiciones de las Secs. 95.00, 96.00, 97.00 [del] Reglamento [de Zonificación]."[6]

De otra parte, un desarrollo extenso residencial es un desarrollo "para veinte (20) o más familias o solares en pueblos o áreas con una población urbana censal menor de diez mil (10,000) personas: treinta (30) o más familias o solares en pueblos o áreas con una población urbana censal de entre diez mil (10,000) a cuarenta mil (40,000) personas conforme a los resultados del último Censo Poblacional, o el desarrollo de facilidades comerciales industriales, institucionales o recreativas que excedan veinte mil (20,000) pies cuadrados de construcción o en terrenos que excedan cuatro mil (4,000) metros cuadrados." Reglamento, supra, Sec. 2.01.

Cuando la Junta evalúa un proyecto de desarrollo residencial extenso viene obligada a tomar en consideración, entre otros, el siguiente factor: la conformidad del uso propuesto con el Plan de Uso de Terrenos hasta donde este haya sido adoptado y estudiado para la zona de que se trate.  Sec. 95.03,1 del Reglamento de Zonificación.

Es con estas normas y principios generales en mente que debemos analizar los planteamientos de las partes.


III


Por tratarse de un planteamiento de naturaleza jurisdiccional discutiremos, en primera instancia, la alegación de falta de jurisdicción por haberse presentado la moción de reconsideración tardíamente ante la Junta.

A la luz de lo establecido en Asoc. Residentes v. Montebello Dev. Corp., 138 D.P.R. 412, 420 (1995), concluimos que no le asiste la razón a los peticionarios.  En dicho caso expresamos que "la intervención es un mecanismo procesal para una persona, que no fue parte original en un procedimiento, pueda defenderse de la determinación administrativa".  Con respecto al término para solicitar la reconsideración puntualizamos que si bien es de naturaleza jurisdiccional, no podemos olvidar que éste aplica sólo a quienes son formalmente parte.  La doctrina esbozada en dicho caso es de aplicación al caso de autos.

Alegan los peticionarios además que, por tratarse de  un desarrollo residencial extenso, y no estar dentro de los parámetros de la Sec. 4.05 del Reglamento de Zonificación, no se necesitaba llevar a cabo una rezonificación.  Ello, a pesar de que el proyecto que se iba a realizar en un área clasificada como Residencial R-O, excede por mucho la densidad

permitida en esta zonificación. Plantean además, que no es de aplicación a la situación ante nuestra consideración la Sec. 4.06 del Reglamento. Entienden además, que por ser un desarrollo residencial extenso es de aplicación la Sec. 97.02 del Reglamento de Zonificación. Este inciso dispone:

> **Se celebrará vista pública con notificación a los dueños de los terrenos circundantes cuando el desarrollo residencial extenso tenga acceso a una calle municipal a la que den frente más de diez (10) estructuras residenciales en una distancia de doscientos cincuenta (250) metros, medidos desde las entradas al proyecto, y siempre que la densidad propuesta sea mayor que la del área circundante.** (Énfasis nuestro.)

Interpretan también, que el inciso 3 de dicha sección dispone que sólo será mandatoria la celebración de vista pública cuando se dan los dos factores que allí se esbozan.

No les asiste la razón a los peticionarios en su análisis del derecho aplicable. Veamos.

En el caso de autos, el peticionario señor Ortiz solicitó una consulta de ubicación, ya que el proyecto que deseaba llevar a cabo, proponía usos de terrenos no permitidos ministerialmente de acuerdo a su zonificación. Sec. 2.01, Reglamento de Zonificación. A tenor con las disposiciones de la Sec. 4.05 del Reglamento de Zonificación, por su tamaño, tampoco cualificaba para un cambio de zonificación. Ahora bien, el proyecto sí cualificaba como uno de desarrollo residencial extenso de acuerdo con las Secs. 95.00 y 97.00 del Reglamento.

El inciso 3 de la Sec. 95.02, del Reglamento de Zonificación, en relación a proyectos de desarrollo residencial extenso establece dos (2) circunstancias en las cuales es mandatorio que la Junta celebre vistas públicas con notificación a los dueños de terrenos circundantes. La primera es cuando el proyecto tenga acceso a una calle municipal bajo las condiciones allí descritas. Y, la segunda, que es de aplicación al caso de autos, siempre que la densidad propuesta sea mayor que la del área circundante. Esta interpretación no solo le insufla vida a la política pública de "fomentar la participación de la ciudadanía en el proceso de planificación" esbozada en la propia Ley Orgánica de la Junta de Planificación de Puerto Rico, 23 L.P.R.A. sec. 62v, sino que establece un balance entre el poder del estado para velar por la adecuada utilización de los terrenos y el derecho de los ciudadanos al libre disfrute de sus propiedades. Además, fomenta la confianza del Pueblo en que las zonificaciones de las áreas donde tienen sus hogares no serán alteradas a sus espaldas y sin brindarles la oportunidad de que los funcionarios públicos a cargo del proceso tomen en consideración sus puntos de vista.

De otra parte, el Reglamento para Procedimientos Adjudicativos de la Junta de Planificación de 21 de marzo de 1995 (Reglamento de Procedimientos Adjudicativos), Sec.

---

[6] Sec. 2.01 del Reglamento de Zonificación. Definición similar se establece en la Sec. 2.00,6 del Reglamento para Procedimientos

2.00, 27, define vistas públicas como unas "para considerar consultas de ubicación u otra acción adjudicativa de la Junta en todos los casos en que se disponga por ley o reglamentación o para aquellos casos en que la Junta lo estime pertinente." La Sec. 8.00 de dicho Reglamento, a su vez dispone que "[s]i se tratare de una vista pública, la Junta publicará un aviso de prensa en un periódico de circulación general en Puerto Rico con no menos de quince (15) días de antelación a la fecha de la vista."

En el caso de autos se trataba de una consulta de ubicación de un desarrollo residencial extenso para la cual el Reglamento de Zonificación exige se lleven a cabo vistas. La Junta venía obligada a publicar un aviso en la prensa. No cumplió con este importante requisito. Más aún, ni siquiera le notificó a los colindantes ni les permitió comparecer como interventores.

Por las razones antes expuestas se expiden los autos de certiorari solicitados. Y, conforme a los fundamentos anteriormente enunciados, se confirma la determinación del Tribunal de Circuito de Apelaciones de revocar la determinación de la Junta de Planificación de aprobar la consulta de ubicación solicitada y de no permitir la intervención del señor Clairborne Durham en el proceso de consulta. Además, se ordena a que, una vez sea devuelto el caso a la Junta, se continúen los procedimientos de forma compatible con lo aquí resuelto.


Miriam Naveira de Rodón
Juez Asociada

Adjudicativos de la Junta de Planificación de 21 de marzo de 1995.

EN El TRIBUNAL SUPREMO DE PUERTO RICO

José O. Ortiz y Gómez y otros

     Demandantes peticionarios

                v.                                  CC-97-110

Junta de Planificación de P.R.

     Demandada recurrida

---

Richard Clairborne Durham

     Demandante recurrido

                v.                                  CC-97-119

Junta de Planificación de P.R.

     Demandada peticionaria

Sr. José Ortiz y Gómez y otros

SENTENCIA

San Juan, Puerto Rico, a 26 de septiembre de 2000

Por las razones expuestas en la Opinión que antecede, la cual se hace formar parte integral de la presente, se expiden los autos de certiorari solicitados. Y, conforme a los fundamentos anteriormente enunciados, se confirma la determinación del Tribunal de Circuito de Apelaciones de revocar la determinación de la Junta de Planificación de aprobar la consulta de ubicación solicitada y de no permitir la intervención del señor Clairborne Durham en el proceso de consulta. Además, se ordena a que, una vez sea devuelto el caso a la Junta, se continúen los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino. El Juez Asociado señor Hernández Denton está inhibido.

                             Isabel Llompart Zeno
                           Secretaria del Tribunal Supremo